ELIZABETH AUSTIN *vs.* FRANK E. BAILEY.

Middlesex.    December 14, 1894. — March 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Will — Petition by Devisee for Instructions — Statute — Writ of Entry.*

On a petition to this court by A., asking for the construction of a provision of a will to the effect that certain real estate on the decease of the life tenant, who was the testatrix's husband, should go to "my said sister A., and in case of her death before the death of my said husband, then to her heirs at law, and to my niece B. and my nephew C., to have and to hold the same to them equally and as tenants in common," the court said that the petition would not lie, as this was not a case in which the petitioner had any duties to perform under the will, or needed the instruction of the court as to any duties arising in the administration of the testatrix's estate, but that as the case had been fully argued, and as all

parties desired an opinion, it would say that it was of opinion that A. took only one undivided third part of the real estate, and that B. and C. each took an undivided third part.

PETITION, by a legatee under the will of Jane Manning, for the construction thereof. Hearing before *Field*, C. J., who reserved the case, on the petition, answer, and agreed facts, for the consideration of the full court.

*J. S. Patton*, for the petitioner.

*L. R. Wentworth*, for the respondent.

FIELD, C. J. This is a petition for the construction of the will of Jane Manning. The petitioner claims, under the fourth article of the will, title in fee simple to the whole of certain real estate in Somerville, Timothy Manning, the husband of the testatrix, having died on August 7, 1893.* The respondent claims title to two undivided third parts of said real estate under the same article of the will, having purchased the interest of Timothy Horrigan and of Annie M. Horrigan in said estate. The respondent is in possession of the property. It is plain that this is not a case in which the petitioner has any duties to perform under the will, or where she needs the instruction of the court as to any duties arising in the administration of the estate of Jane Manning. So far as appears, the dispute does not in any way concern the administration of that estate. See *Healy* v. *Reed*, 153 Mass. 197. The whole question in the case relates to the extent of the title of the parties to the real estate of which

---

* At the time of her death the testatrix was the owner in fee simple of two houses, with the land thereto belonging, situated on Somerville Avenue in Somerville, one numbered 90 and 92 and one 94 in the numbering of that avenue.

By her said will she devised to her husband, Timothy Manning, for life, both of the houses and land, excepting one tenement in the house No. 94 Somerville Avenue, with the privileges and appurtenances thereto belonging, then occupied by Mary E. C. Smyth.

The fourth section of the will provided as follows : " On the decease of my said husband I give, bequeath, and devise the said house and land numbered 90 and 92 Somerville Avenue, and the portion of said house and land numbered 94 Somerville Avenue, which I have given to him, to my said sister Elizabeth Austin, and in case of her death before the death of my said husband, then to her heirs at law, and to my niece Annie M. Horrigan and my nephew Timothy Horrigan, to have and to hold the same to them equally and as tenants in common to them and to their heirs and assigns forever."

the respondent is in possession.  Both parties derive their titles under the will of Jane Manning, but this does not entitle either to ask this court by petition for instructions upon the proper construction of the will.  This would be manifest if this petition were regarded as a bill in equity asking for instructions; but it is said that it may be regarded as a petition under Pub. Sts. c. 127, § 34.  See St. 1891, c. 415, § 3.

We are of opinion that this section of the Public Statutes must be confined to matters and questions necessary to be determined in the administration of estates under wills.  Under this petition we cannot give to the petitioner any effective remedy to recover possession of the real estate, or of any part of it to which we may think she is entitled.  The position of the parties is much the same as if they claimed title under a deed the construction of which is in doubt.  The true remedy of the petitioner is by writ of entry, in the trial of which it would be necessary to determine the meaning of this article of the will.

But as the parties have fully argued the somewhat difficult question of construction to be given to the clause of the will under which they both claim title, and as they are all the parties interested in the question, and both desire our opinion on it, we have considered it, and under the circumstances think it best to say that in our opinion the petitioner took only one undivided third part of the real estate under the fourth article of the will, and that Annie M. Horrigan and Timothy Horrigan each took an undivided third part.  The petition must be dismissed, as not stating a case in which the petitioner can ask the court for instructions upon the construction to be given to a will.

*Petition dismissed.*