AMBROSE B. LUCKEY, Appellant, v. LILLIAN McCRAY, and AUGUSTUS McCRAY.

**Wills**: CONSTRUCTION: REPUGNANCY. Where a testator bequeaths all of his property to his wife to be used by her during her natural life, with full power of disposal and to appoint the same by will at her discretion, she takes the fee upon the testator's death, and a subsequent provision attempting to dispose of the remainder at her death, is inoperative. The will in question is held to invest the widow with the fee.

*Appeal from Buchanan District Court.*— HON. F. C. PLATT, Judge.

WEDNESDAY, NOVEMBER 23, 1904.

ACTION for partition. The plaintiff alleges that he and the defendant Lillian F. McCray, as the only children and heirs at law of one Sophia A. Luckey, are entitled to equal shares in the real estate described in his petition; Augustus McCray, the other defendant, being joined as the husband of Lillian McCray. The defendant Lillian McCray, who will be treated as the sole defendant in this opinion, claims title to nine-tenths of the property — one-tenth in her own right and eight-tenths by conveyance by other heirs of one Caroline M. Luckey, who, as defendant claims, died seized of a fee-simple title thereto — and alleges that plaintiff, as one of the heirs of Caroline M. Luckey, is entitled to only one-tenth of the property. The question whether the title to the property was in Sophia A. Luckey or Caroline M. Luckey depends on the construction of the will of Samuel C. Luckey, which will be set out in the opinion. The decree established the claims of defendants, and the plaintiff appeals.— *Affirmed.*

*Lake & Harmon,* for appellant.

*Springer & Smith,* for appellees.

McCLAIN, J.— The real property, the ownership of which is in controversy in this case, belonged at one time in fee simple to Samuel O. Luckey, since deceased, and was disposed of in his will, which covered all of his property, real and personal, as follows:

First.   I give, devise and bequeath to my beloved wife, Caroline M. Luckey, all my estate, both real and personal, in whatever it may consist, or wherever situated, at my decease, to be by her used and disposed of during her natural life, precisely the same as I myself might do were I living; and giving my wife full power to sell, exchange, invest and reinvest the same, in the same manner I might do if living; and to distribute the same by gift or otherwise as she sees fit, at any time during her life, and to appoint the same by will to whomsoever she wishes, according to her own judgment and discretion.

Second.   But if any of my said estate shall remain undisposed of by my said wife, at the time of her decease, I give, devise, and bequeath all such residue and remainder of my estate to be equally divided among William Luckey, he being my brother, and Sophia A. Luckey, she being my wife's sister; should either William Luckey or Sophia A. Luckey be deceased at the time of the decease of my said wife, Caroline M. Luckey, then and in that case all of said estate that remains undisposed of, shall be given to, and I hereby give, devise and bequeath the same to the survivor.

There was a third paragraph of the will, making provision for the disposal of the property in the event that the wife, Caroline M. Luckey, should not survive the testator; but as she did survive him, and died in the full possession and enjoyment of the property, that paragraph of the will becomes immaterial.   If the second clause of the will is to be given effect, then Sophia A. Luckey became the owner of the entire property, for William Luckey died before the

death of Caroline, and plaintiff and defendant Lillian Mc-Cray, the sole surviving heirs of Sophia A. Luckey, own the property in common; each being entitled to one-half interest therein. If, on the other hand, the widow, Caroline A. Luckey, became vested with the fee-simple title under the provisions of the first paragraph of the will, then the title passed on her death to her heirs, consisting of nephews and nieces and their descendants, and plaintiff, as one of her nephews, was entitled to only one-tenth of the property, and defendant, a niece who had bought up the claims of all the other heirs except plaintiff, was entitled to nine-tenths of the property. We reach the conclusion that the first paragraph of the will vested an absolute fee-simple title in the widow, Caroline M. Luckey. The language does not indicate an intent to give her a life estate with the power of disposal, leaving the remainder, so far as undisposed of during her lifetime, to pass under the second paragraph to the persons named therein, but, on the contrary, evidences an intention that the property shall pass absolutely to the widow, with all the rights and powers involved in fee-simple ownership. Therefore there was no remainder on which the second paragraph of the will could operate. This construction is required by the views of this court announced in the recent case of *Meyer v. Weiler,* 121 Iowa, 51, and in cases there cited supporting such construction. The will which is before us differs from those construed in *Spaan v. Anderson,* 115 Iowa, 121, and *Podaril v. Clark,* 118 Iowa, 264, in this material respect: That it does not purport to give a life estate to the widow, with power of disposal, but, on the other hand, purports to vest in the widow the complete and absolute title to the property.

Without further elaboration, we reach the conclusion that the decree of the court confirming the shares in the property as claimed by the defendant, and ordering partition on that basis, and a sale in order to effect such partition, is correct, and it is *affirmed.*