GEORGIA ANN ROBERTS and TILLMAN ROBERTS, her husband, ANGELINE WILLIAMSON and BEN WILLIAMSON, her husband, and BRIDGET MALONE, *Appellants,* v. A. J. MOSELY, *Appellee.*

En Banc.

Opinion filed July 25, 1930.

*Mary Wooster Sutton, George A. K. Sutton, Ion L. Farris, F. L. Poor* and *Louis S. Joel,* for Appellants;

*W. C. Kent,* for Appellee.

TERRELL, C. J.—Michael Fitzpatrick died testate October 28, 1918, leaving his wife, Emma J. Fitzpatrick, surviving him. Emma J. Fitzpatrick married A. J. Mosely, the appellee, in April, 1920. The will of Michael Fitzpatrick was probated in Duval County March 19, 1923. A. J. Mosely brought this suit in February, 1927, for an interpretation of the last will and testament of Michael

Fitzpatrick and for a declaration of the intention of the testator as expressed therein.

That part of the will of Michael Fitzpatrick material to a disposition of the questions raised here is as follows:

"Second: I do hereby nominate, make, constitute and appoint my dearly beloved wife, Emma J. Fitzpatrick, now residing with me in Jacksonville, Duval County, Florida, should she survive me, to be executrix of this my last will and testament, and I do hereby authorize and empower her to manage, control, mortgage, sell and convey in fee simple, all of my estate as and when she may consider for the best interest of herself and of my said estate.

"Third: It is my will that my wife, Emma J. Fitzpatrick, shall have and receive in fee simple, all of my property, real, personal and mixed, of which I shall die seized and possessed, or to which I may be entitled at the time of my death.

"Fourth: It is my will, that if my said wife, Emma J. Fitzpatrick, should own, possess or be entitled to any of my said property at the time of her death, that upon her said death, my sister, Bridget Malone, now residing at 45 Spring Street, Red Bank, New Jersey, shall have and receive in fee simple, one-half of my said property, owned by my said wife, at the time of her death, and that my said wife's half-sisters, Georgia Ann Roberts, now residing at 904 Lackawanna Avenue, Jacksonville, Duval County, Florida, and Angeline Williamson, now residing at Pellum, Duval County, Florida, shall each have and receive in fee simple, one-fourth of my said property owned by my said wife at the time of her death.

"Fifth: It is my will that if my said wife, Emma J. Fitzpatrick, should survive my said sister, Bridget

Malone, and her said half sisters, Georgia Ann Roberts and Angeline Williamson, that the heirs-at-law of my said sister, Bridget Malone, shall have and receive one-half of my said property, and that the heirs-at-law of my said wife's half sisters, Georgia Ann Roberts and Angeline Williamson, shall respectively have and receive one-fourth of my said property, which my said wife, Emma J. Fitzpatrick, shall own, possess, or be entitled to, at the time of her death.''

Complainant below, appellee here, contends that by the terms of paragraph three of the will as above quoted, Michael Fitzpatrick gave to his wife, Emma J. Fitzpatrick, in fee simple all his property, real, personal, and mixed, and that the devisee over in paragraphs four and five is void and ineffectual. Appellants contend on the other hand that paragraph three of the will is limited by paragraphs four and five and that by virtue of such limitation Emma J. Fitzpatrick took only a life-estate under the said will. This appeal is from a final decree approving the contention of the complainant.

A bill for the express purpose of construing a will may not lie in equity. Pomeroy's Eq. Juris. (4th Ed.), Sections 351 and 1426, but we think this suit may be maintained under the law authorizing declaratory decrees in this State (Chapter 7857, Acts of 1919, Sections 4953 and 4954, Comp. Gen. Laws of 1927), Sheldon v. Powell, decided by this Court April 8, 1930, 128 So. R. 258; Washington-Detroit Theater Company v. Moore, 229 N. W. R. 618.

The canons of testamentary construction are few and unambiguous, the cardinal one being, that in the interpretation of a will the intention of the testator must be given effect, provided it be not inconsistent with the rules of law. The intent of the testator should be determined by a consideration of the whole instrument. If there are expres-

sions in the will difficult to reconcile, the posture of the testator, the ties that bind him to the legatee, the motives that prompted him to make the will he did make and the influences that wrought on him may be considered in arriving at the purpose of the testator.

We find no difficulty in giving effect to the intent of the testator in the instant case. The terms of the will are clear and its provisions readily reconciled. It cannot be questioned that paragraphs two and three, if construed alone, vest in the wife, Emma J. Fitzpatrick, in fee simple with power to vonvey, the entire estate of Michael Fitzpatrick, but we do not think paragraphs two and three can be construed because in the same breath the testator in paragraph four limits or cuts down the fee simple estate, in that he provides that should Emma J. Fitzpatrick own or possess any of his property at her death the said property should vest in fee simple as follows: one-half to his sister, Bridget Malone, and one-half to be divided equally between the two half sisters of his wife, Georgia Ann Roberts and Angeline Williamson. These words create a remainder over in the estate and devise it to the sister of the testator and the two half sisters of his wife in terms so clear that there can be no mistake of their import. Appellee contends that paragraph three should be given effect and paragraph four disregarded, but both paragraphs are equally the words of the testator and this Court can no more disregard one than it can the other when both are clear and their purpose certain.

The situation of both the testator and the beneficiaries supports this interpretation. The first concern of the testator was his wife, for whose comfort he made ample provision for her life. There were no children and the only blood relation he had in this country was his sister, Bridget Malone, for whom he had great affection and to

whom he devised one-half of whatever remainder there might be at the death of his wife, the other half he gave to the half sisters of his wife, Georgia Ann Roberts and Angeline Williamson. Paragraph five of the will embraced a further disposition of the remainder in the event of the contingency therein defined, but that contingency did not arise so paragraph five becomes mere surplusage.

Of all experiences that some to one in life the incident of making his will is the time when he most likely strips himself of any sham or deceit or pretense he may have concealed and speaks what he actually feels in his breast. The thought of death, the fact of God and eternity and justice and the ties of blood and affection impel him to do this. Under such circumstances we can conceive of no impulse that would actuate the testator to make a will to provide for the future husband of his wife in preference to his sister and the half sisters of his wife as is attempted to be shown in this case. Under the circumstances the will brought in question was a perfectly natural disposition and we think may be given effect in full.

But appellee contends that since paragraph three of the will vests an absolute interest in fee in the devisee the remainder over paragraph four and five is void for repugnancy. This contention seems to be supported by the English rule. Gulliver v. Vaux, 8 D. M. and G. 167; Shaw v. Ford, 7 Ch. Div. 669. It is also the rule in some of our states. Lucky v. McCray et al., 125 Ia. 691, 101 N. W. R. 516; Law v. Douglass, 107 Ia. 607, 78 N. W. R. 212; Jackson v. Littell, 213 Mo. 589, 127 Am. St. R. 620.

We think the better rule to be that the devisee of an estate in fee simple may be limited by a subsequent valid provision that the estate shall go over to others upon the happening of a named contingency or that it may be restricted by subsequent provisions in the will so that in

effect it becomes an estate for life as to the remainder. Smith vs. Ball, 31 U. S. 68, 8 Law Ed. 322; Williams v. Elliott, 246 Ill. 548, 92 N. E. R. 960, 138 A. S. R. 254; Mansfield v. Shelton, 67 Conn. 390, 35 Atl. R. 271, 52 A. S. R. 285; Allen v. Craft, 109 Ind. 476, 9 N. E. R. 919; Lumpkin v. Lumpkin, 108 Md. 470, 70 Atl. R. 238, 25 L. R. A. (N. S.) 1063; Mee v. Gordon, 187 N. Y. 400, 80 N. E. R. 353, 28 R. C. L. 241. We think this case might well be disposed of on authority of Smith v. Ball, *supra.*

We do not discuss the effect of a life estate with power of disposition. Suffice it to say that the decided weight of authority is to the effect that where an estate for life with remainder over, is given, with power of disposition in fee of the remainder annexed, the limitation for the life of the first taker will control, and the life estate will not be enlarged to a fee, notwithstanding the power of the life tenant in good faith to dispose of the fee and pass his title thereto. Note to National Surety Company v. Jarrett, 36 A. L. R. 1180 (95 W. Va. 420, 121 So. E. R. 291). See also note to Trustees et al. v. Mizel, 2 A. L. R. 1243, and 27 A. L. R. 1381.

In this case the estate given by the testator to his wife, Emma J. Fitzpatrick, with power of disposition in fee was limited by subsequent valid provisions in the will so that the remainder over descends to his sister, Bridget Malone, and the two half sisters of his wife, Georgia Ann Roberts and Angeline Williamson, under paragraph four of the will.

For the reasons announced in this opinion, the decree of the chancellor below must be and is hereby reversed.

Reversed.

WHITFIELD, STRUM, BROWN AND BUFORD, J. J., concur.

ELLIS, J., dissents.

ELLIS, J. (Dissenting) : A. J. Mosely, who was the husband of Emma J. Fitzpatrick, exhibited his bill in chancery against Georgia Ann Roberts and her husband, Tillman Roberts, Angeline Williamson and her husband, Ben Williamson and Bridget Malone to obtain a construction of the will of Michael Fitzpatrick, who died testate on the 28th day of October, 1918. The will was probated in Duval County on March 19, 1923. Michael Fitzpatrick left surviving him his wife, Emma, who married A. J. Mosely in April, 1920.

The will contained the following clauses:

"I do hereby nominate, make, constitute and appoint my dearly beloved wife, Emma J. Fitzpatrick, now residing with me in Jacksonville, Duval County, Florida, should she survive me, to be executrix of this my last will and testament, and I do hereby authorize and empower her to manage, control, mortgage, sell and convey in fee simple all of my estate as and when she may consider for the best interest of herself, and of my estate.

"It is my will that my said wife, Emma J. Fitzpatrick, shall have and receive in fee simple all of my property, real, personal and mixed, of which I shall die seized and possessed, or to which I may be entitled at the time of my death.

"It is my will that if my said wife, Emma J. Fitzpatrick, should own, possess or be entitled to any of my said property at the time of her death, that upon her said death, my sister, Bridget Malone, now residing at 45 Spring St., Red Bank, New Jersey, shall have and receive in fee simple one-half of my said property owned by my said wife at the time of her death, and that my said wife's half sister, Georgia Ann Roberts,

now residing at 904 Lackawanna Avenue, Jacksonville, Duval County, Florida, and Angeline Williamson, now residing at Pellum, Duval County, Florida, shall each have and receive in fee simple one-fourth of my said property owned by my said wife at the time of her death.

"It is my will that if my said wife, Emma J. Fitzpatrick, should survive my said sister, Bridgett Malone, and her said half sisters, Georgia Ann Roberts and Angeline Williamson, that the heirs at law of my said sister, Bridgett Malone, shall have and receive one-half of said property, and that the heirs at law of my said wife's half sister, Georgia Ann Roberts and Angeline Williamson, shall respectively have and receive one-fourth of my said property, which my said wife, Emma J. Fitzpatrick, shall own, possess or be entitled to at the time of her death."

The bill alleges that Michael Fitzpatrick died, "possessed and seized of certain personal property, and of certain real estate in Duval County, Florida, described as follows: "A" Lot Three (3), Block Five (5), bounded on the south by Highway Street; on the east by Lime Street; on the north by Lot Four (4) and on the west by Lot Two (2), all in said Block Five (5), said lot being in Lewisville, being in the Ross Grant, County and State aforesaid."

It is alleged in the bill that Mosely and his wife in 1925 executed a deed of conveyance to Francis P. L'Engle conveying a "portion of said premises." A copy of that deed is attached to the bill as exhibit "A" and by appropriate words made a part of it. That deed shows that the conveyance was of "Lot Four (4) in Block Five (5) of West Lewisville, according to plat thereof recorded in deed book "AJ," page 725, former public records of Duval County,

Florida, and more particularly described as follows: beginning at the southwest corner of intersection of Lewis and Lime Streets; running thence west along the south line of Lewis Street a distance of 210 feet; thence at right angles south 210 feet; thence at right angles east 210 feet to the west side of Lime Street; thence at right angles and northerly along the west side of Lime Street to the point of beginning, said land being a square 210 feet on each side thereof."

It does not appear that the property described in that deed constituted any part of Lot 3, Block 5, of which it is alleged that Michael Fitzpatrick died seized and possessed.

The bill also alleges that in July, 1926, Mosely and his wife conveyed a "portion of the said premises" to Jack Mosely, who on the same day conveyed the same to A. D. Mosely. Copies of these two deeds of conveyance are attached to the bill of complaint and made a part of it. The land described in each of these deeds is a part of the southwest portion of "Lot 3 in Block 5, Lewisburg, being situated in the Ross Grant as described in deed from Turner J. Griffin to Michael Fitzpatrick, dated February 7th, 1883." The land is described as fronting south 37 feet on "Lackawanna Avenue" and running back northerly from that avenue 100 feet, its west side being the west line of Lot 3, Block 5.

There are no allegations in the bill that "Lewisville" and "Lewisburg" are one and the same village or subdivision; nor that "Highway Street" and "Lackawanna Avenue" are one and the same street; nor may the Court take judicial notice of it. See People v. Callahan, 23 Hund. (N. Y.) 581; Diggins v. Hartshorne, 108 Cal. 154, 41 Pac. R. 283; Anderson v. Ocala, 67 Fla. 204, 64 So. R. 775, 52 L. R. A. (N. S.) 287.

The latter deed shows the conveyance of the land from Jack Moseley to A. J. Mosely and not to A. D. Mosely, as the bill alleges. Although the bill alleges that A. D. Mosely is the complainant.

The bill alleges that certain differences have arisen between the complainant and the heirs at law of Michael Fitzpatrick as to the proper "construction and interpretation of said Last Will and Testament; as to the true intention of said testator as indicated and expressed in and by said will; and as to whom, under said will, the property of which said Michael Fitzpatrick died, seized and possessed, belongs."

The complainant contends that the widow of Fitzpatrick acquired under the will the fee simple title to the property described while others named in the will say that she acquired only a life estate. If she acquired a fee simple title, her husband, the complainant, whom she subsequently to the death of Fitzpatrick married, acquired the title as there were no children of the second marriage and he survived her.

All of the defendants answered that they desired a construction of the will by the court.

The complainant claims title to a portion of the property described in the will under a conveyance from Jack Mosely, to whom the widow of Fitzpatrick and her husband, the complainant, had conveyed it. The bill sets up no claim of title to the remainder of the lot by the complainant as survivor of his wife, Emma Fitzpatrick-Mosely. The other parties to the cause set up no claim to the lot or any portion of it as heirs or devisees of the residuary interest.

The cause, as presented by the bill and answer, is merely one in which the court is asked to construe the will upon the request of persons who may have no duty whatsoever to

perform under its terms. The claim, if any is asserted by either of the parties, is to purely legal titles in the real property devised. There exists no separate or independent ground of equitable jurisdiction. The complainant has no trust to perform under the terms of the will; he is not executor nor administrator *de bonis non cum testmento annexo* but is merely interested as claimant of the title to a part of the lot under a deed of conveyance from Jack Mosely and as sole heir of his deceased wife as to the remainder of the lot. The persons named as devisees appear to assert no title whatsoever but think they may have title as residuary legatees.

The only question presented is one of law which may be determined in ejectment. Even in states where the statute authorizes courts of equity to construe wills the statutes are held to be merely declaratory of the inherent jurisdiction of courts of equity and to not authorize such courts to entertain suits which could not have been entertained by the old courts of chancery. There is in the case no real *bona fide* question for controversy involved as between the parties, but it presents a mere abstract or experimental question. The bill prays for no specific relief but only for a declaration of the rights of the parties. There is no fiduciary relation between the parties, no trust to discharge, no separate or independent ground of equity jurisdiction.

The court, however, took jurisdiction of the cause and proceeded to its final decree holding that Emma J. Fitzpatrick took title to the land described in fee simple and that the fourth and fifth paragraphs of the will were void; that the complainant, A. J. Mosely, inherited from his wife, Emma J. Fitzpatrick-Mosely the title to the land as her sole heir at law.

Chapter 7857, Acts 1919, now constituting Sections 4953-4954, Comp. Gen. Laws, constitutes the only authority for the entering of declaratory decrees by any court of equity in this State having equity jurisdiction for the determination of any question of construction arising under a deed, will, contract in writing or other instrument in writing.

From the decree entered by the chancellor, Georgia Ann Roberts, Angeline Williams and their husbands and Bridget Malone appealed.

The decree entered by the chancellor was in its last analysis merely a finding that the legal title to the property described was in the complainant and declaring the quantum of his estate. A matter of which the courts of law have jurisdiction and which should be determined in an action of ejectment.

No condition exists in the case under which the old courts of chancery would have taken jurisdiction. No necessity for judicial construction appears such as the possession of funds for distribution to the legatees under the construction contended for. Corry v. Fleming, 29 Ohio St. 147; Bussy v. McKie, 2 McCord, Ed. (S. C.) 23, 16 Am. Dec. 628; Buskirk v. Ragland, 65 W. Va. 749, 65 So. E. R. 101.

It does not appear that a due administration of the estate required the construction. Siddall v. California, 73 Cal. 560, 15 Pac. R. 130; Mansfield v. Mansfield, 203 Ill. 92, 67 N. E. R. 497; Peverly v. Peverly, 173 Mass. 203, 53 N. E. R. 395; Austin v. Bailey, 163 Mass. 270, 39 N. E. R. 1022; Rexroad v. Wells, 13 W. Va. 812.

The complainant has no duty to perform under the will and no interest under it to protect. The complainant merely seeks the court's opinion as to the legal title of the land described which was devised by the testator to his

wife from whom the complainant inherited some years later. Buskirk v. Ragland, *supra*. Beard v. Beard, (N. J. Eq. 1906), 63 Atl. R. 25.

If the purpose of the statute, Chapter 7857 Acts 1919, Secs. 4953-4954 Compiled General Laws, *supra*, was to transfer to a court of equity the jurisdiction of the Circuit Court at law in a proceeding in ejectment to try the title to real estate the act would infringe upon constitutional limitations. See Wiggins v. Williams, 36 Fla. 637, 18 So. R. 859.

While the Legislature may expand the powers of a court of chancery it may not do so where a constitutional right is infringed. See Hughes v. Hannah, 39 Fla. 365, 22 So. R. 613.

It is true that the defendants submitted themselves to the jurisdiction, or attempted to do so, but the power to enter a declaratory decree is derived from the statute and not from the voluntary action of the defendants. Consent cannot give jurisdiction of subject matter.

We hold that the statute is merely declaratory of the power which courts of chancery have always exercised and attempts to confer no power beyond that to declare the court's opinion upon a question that may arise and be properly determined in a court of law. That the chancery court has no jurisdiction merely to express an opinion respecting legal title to real estate upon an application such as the one at bar for a construction of a will.

The case of Shelden v. Powell, 99 Fla. 782, 128 So. R. 258, is not in point because in that case the will of C. A. Young contained a provision bequeathing fifteen thousand dollars to the S. Cornelia Young Memorial Library at Daytona Beach. The executor of the will declined to release the legacy to Powell and others who "constituted" the "S. Cornelia Young Memorial Library" unless they

would execute a bond for the executor's protection. Thereupon Powell and others brought a suit against the executor in equity "praying for an adjudication of their rights under and by virtue of the terms of the said will." The constitutionality of Chapter 7857 Acts of 1919 Laws of Florida (Sections 4953 and 4954 C. G. L. 1927) was attacked by demurrer.

On final hearing the demurrerr which was incorporated in the answer was overruled and a "decree in favor of complainants" was entered. Sheldon as executor appealed. There existed in that case a separate or independent ground of equitable jurisdiction. The executor of the will had a trust to perform under the terms of the will; the complainants asserted a right to the legacy; the executor had possession of funds for distribution to the legatees under the construction contended for by the complainants; the administration of the estate was not complete; a due administration of the estate required construction of the will and the executor had a duty to perform under it.

In the case at bar none of these conditions existed. In the majority opinion the court holds that the estate was devised by the testator to his wife with power of disposition and that which she did not dispose of and held at her death passed under the will to his sister Bridget and his two half sisters, Georgia Ann Roberts and Angeline Williamson.

Now, if Mosely should take possession of the property notwithstanding the decree of this Court and the successful parties should bring their action of ejectment to recover possession, or if they should take possession after this decree is made and Mosely should bring ejectment to recover possession under the will they would be in either case confronted by a decree in equity deciding the title to the land. A decree binding upon them although ren-

dered in no case or controversy and in which no duty or responsibility devolved upon either party under the will and when the estate of the testate was administered and no further duty devolved upon any one to conclude.

In the Sheldon-Powell case, *supra*, the act was applicable. In the case at bar it has no application what soever.

If the decree in this case is binding between the parties as an adjudication of title to the land in controversy it is because the legislature has power to confer that jurisdiction upon a court of equity notwithstanding the constitution secures to one the right of trial by jury and the action to try title is one at law and not in equity. If the decree is not binding between the parties the procedure is utterly futile to the point of absurdity.

.There is no analogy between the action of ejectment to try title to land and a bill in chancery to remove a cloud or to quiet title. The differences are elemental.

As the chancery court had no jurisdiction to render the decree it should be reversed with directions to dismiss the bill.