70 So.2d 903 (1954)
In re GREGORY's ESTATE.
Supreme Court of Florida. Special Division B.
February 26, 1954.
Rehearing Denied April 2, 1954.
*904 Frederick J. Ward, Miami, for appellants.
Harold A. Stewart, Latrobe, Pa., and Winters, Foskett, Cook & Tylander, West Palm Beach, for cross-appellants.
Gibson & Gibson and Will A. Nason, West Palm Beach, for St. Mary's Hospital, Inc., and Pine Ridge Hospital, Inc.
J.H. Lesser, West Palm Beach, for Salvation Army, Inc.
Wideman, Caldwell, Pacetti & Robinson, West Palm Beach, for Young Men's Christian Association.
Wardlaw & Stewart, West Palm Beach, for Good Samaritan Hospital Association, Inc.
Phil O'Connell, West Palm Beach, for Ernest B. Walton as Executor of the Estate of Kathryne Gregory.
Loren D. Simon, West Palm Beach, for Ernest B. Walton and Atlantic Nat. Bank of West Palm Beach, as Executors of the Estate of John C. Gregory.
HOBSON, Justice.
This is an appeal and cross-appeal from an order of the Circuit Court of Palm Beach County affirming a decree of the County Judge's Court construing the will of Kathryne I. Gregory, deceased, on petition of Ernest Walton, Executor. The Circuit Judge, in affirming the ruling of the County Judge, concluded that no useful purpose would be served in setting forth observations in addition to those contained in the order of the County Judge. Having examined the order of the County Judge in *905 the light of the record, briefs, and arguments in this court, we agree. Accordingly, we quote with approval the following portions of the said order:
"John C. Gregory and Kathryne I. Gregory, his wife, were residents of the State of New Jersey until 1932 when they moved to Palm Beach, Florida, where they resided continuously thereafter. Their New Jersey attorney prepared separate wills for them which were executed in Florida on May 8th, 1941. In the will of John C. Gregory, paragraph `Fourth (f)', it was provided that upon the death of certain life tenants, or upon his death if he should survive them, that his executor and trustee should;
"`divide the balance of the residue equally among all of my own grandnephews and grandnieces, which is to say, grandchildren of my brothers and and sisters, who are living at the time of the death of the last surviving life tenant or at the time of my death if all of said life tenants shall have predeceased me.
"`In the event that any of the above mentioned distributees shall not have arrived at the age of twenty-one years at the time when his or her right shall rest, then and in such event I do hereby direct that my executor and trustee shall retain the share of such minor issue and pay the income to the maintenance and support of such minor and distribute the corpus to each cestui on arrival at the age of twenty-one (21) years.'
"Kathryne E. Gregory provided in her will, executed upon the same day as the aforesaid will of her husband, as follows:
"`Fifth: I hereby give, devise, and bequeath unto my beloved husband, John C. Gregory, all the rest and residuum of my estate, whether real, personal or mixed, of whatsoever kind or description and wheresoever situate.
"`Sixth: In the event that my beloved husband, John C. Gregory, shall predecease me, I hereby direct that my executor and trustee hereinafter named shall distribute the residuum of my estate as follows:
"`(A) If the estate of my beloved husband has not yet been distributed and is still in existence, my executor and trustee hereinafter named is to transfer the said residuum to the executor and trustee of the said estate of my beloved husband for the purpose of having said executor of my husband distribute the said residuum as part of the estate of my husband according to the terms and conditions of the will of my said husband. Said transfer, to be made without changing the form of any of the terms comprising said residuum. Rights, however, shall vest as of the time of my death.
"`(B) In the event that complete distribution has been made of my husband's estate except as to the provisions of Fifth (g) 2 pertaining to separate trust funds for minor grandnieces and grandnephews, then I do hereby direct my executor and trustee to convert the residuum of my estate into cash for distribution within one year after my death, it being my wish that this period of one year be afforded to my executor and trustee in order to give him sufficient time to prepare the residuum for distribution and to properly locate and identify the distributees.'
"It is to be noted that neither of the aforesaid wills of Kathryne I. Gregory and John C. Gregory contain a clause designated as (g) 2. According to the testimony of the attorney who drafted them `It is not a reference, it is a mistake'.
"On April 15th, 1947, Kathryne I. Gregory was adjudicated as incompetent by the county judge of Duval County, Florida, and thereafter on May 5th, 1947, a guardian of her *906 estate was appointed by the county judge of Palm Beach County, Florida.
"On June 25th, 1947, and on February 18th, 1948, John C. Gregory executed codicils to his will of May 8th, 1941, but neither of the codicils in any way affected the provisions of the aforesaid paragraph, `Fourth (f)' of said will, however, on the 15th day of May, 1948, he executed his last will and testament, which has been probated and under the terms of which said will the executors are administering his estate. By the provisions of paragraph `Seventh (f)' of this Will Mr. Gregory directed his executor and trustees to distribute the residuum of his estate as follows:
"Paragraph Seventh: * * *
"`(1) One-half shall be divided equally among all of my grandnephews and grandnieces, which is to say, grandchildren of my brothers and sisters, who are living at the time of the death of the last surviving life tenants, or at the time of my death, if all said tenants shall have predeceased me. * * *
"`(2) One-half to be equally divided among the following institutions:
"`(a) St. Mary's Hospital, Inc., a corporation not for profit, organized and existing under the laws of the State of Florida, and located at West Palm Beach, Florida.
"`(b) Pine Ridge Hospital, Inc., a corporation not for profit, organized and existing under the authority of the laws of the State of Florida and located at West Palm Beach, Florida.
"`(c) The Salvation Army, a corporation authorized and existing under the laws of the State of Georgia, and which money shall be used solely for its work in West Palm Beach, Florida, and if a building program is still active, then to be used in said building program.
"`(d) Young Men's Christian Association of the Palm Beaches, a corporation not for profit, organized and existing under the laws of the State of Florida, to be used in their building program, in the event the building program is still active and in the event the building program is not active the unused portion thereof shall be used to set up an endowment fund and the income therefrom to be used in the work of the Young Men's Christian Association of the Palm Beaches.
"`(e) Good Samaritan Hospital Association, a corporation not for profit, organized and existing under the laws of the State of Florida and located in West Palm Beach, Florida.'
"and further in the provisions of said paragraph he provided that, in the event any or all of the charitable organizations could not take under the will, or that the provisions of said paragraph should lapse for any reason then it should be divided equally among all of his grandnephews and grandnieces.
"John C. Gregory died on January 9th, 1950, and his estate is still being administered by his executors. He predeceased his wife, Kathryne I. Gregory, who died on November 28th, 1950, and whose estate is being administered under the terms of the will being hereby construed.
"On August 15th, 1951, Sarah H. Hannahs, the sister and sole surviving heir-at-law of Kathryne I. Gregory, died and her estate is being administered by the executors who qualified in the Surrogate's Court of Essex County, New Jersey. These executors contend that while the testatrix, Kathryne I. Gregory, made a valid bequest of the residuum of her estate to her husband, John C. Gregory, the death of such devisee having preceded the testatrix', such bequest lapsed because there was no substitution of the residuum devisee as no devise was made to the executor *907 and trustee of the rest, residue and remainder hence he took nothing and the said residuum reverts to Sarah A. Hannahs, sole surviving heir-at-law of the decedent, Kathryne I. Gregory.
"F.S.A. Sec. 731.20 provides in part, as follows:
"`(1) If a devisee or legatee, dies during the lifetime of the testator, the testamentary disposition of such devisee or legatee lapses, unless an intention appears from the will to substitute another in his place * * *.'
"The grandnephews and grandnieces claim the entire residuum of the estate of Mrs. Gregory under the theory of Incorporation by Reference. They contend that since the wills of May 8, 1941, were prepared by the same attorney and that she was present with Mr. Gregory when they jointly gave instructions for the draft of the same, the will which she had reference to and which could carry out her intentions is the 1941 will of Mr. Gregory. The subsequent codicils and will of 1948 were not in existence at the time of the execution of her will and could not, therefore, be incorporated by reference.
"The position taken by Good Samaritan Hospital Association and the other charitable organizations named in the residuary clause of the will is that the doctrine of Incorporation by Reference is not involved since the sixth paragraph of Mrs. Gregory's will directs that the residuum of her estate be transferred to the executor and trustee of her husband's estate to be distributed by them according to the terms and conditions of his will; that this must be construed to mean his last will and constitutes a valid bequest to such executor and trustee. After due consideration of the evidence, the able argument of counsel and their exhaustive briefs on the points of law, I have reached the same conclusion.
"There is authority to sustain the rule that the executor of one estate may be named as the residuary devisee of the estate of another, and there are cases which support bequests to the estate of one dying during the testator's lifetime.
"It seems evident to me that Mrs. Gregory wanted the residuum of her estate to pass under her husband's will to whomever he might designate.
"I am of the opinion that the direction to her executor to transfer the residuum of her estate to the executor and trustee of her husband's estate if he should predecease her constitutes such a substitution as will prevent the devise from lapsing under the statute.
"One of the general principles governing the construction of wills laid down in the second edition of Redfern on Wills and Administration of Estate in Florida, page 192, is as follows:
"Twelfth:  Intestacies are not favored in construing wills. If the terms of a will are such as to permit two constructions, one of which results in intestacy and the other of which leads to a valid testamentary disposition, the construction is preferred which will prevent intestacy.'
"The reference to `the provisions of Fifth (g) 2' of her husband's will does not identify his will of 1941 as there is no such paragraph. The principle of Incorporation by Reference implies that the document referred to shall become a part of the will of the testator. Such is not the case here. Mrs. Gregory directed her executors to transfer the residuum of her estate to the executor and trustee of her husband's estate to be distributed by them under the terms of his will. The Supreme Court of West Virginia, in the case of Arnett v. Fairmont Trust Co., 70 W. Va. 296, 73 S.E. 930, 932, quotes Redfield on Wills, Vol. 2 (2dE) 409, as follows:
"`And it seems that bequests to the executors, etc. of any person, will make *908 the estate a portion of the estate of such person in the fullest sense, so that it will be subject to the disposition of the will of such person, notwithstanding such person may die before the testator.'"
The County Judge went on to order the residuum of Kathryne Gregory's estate transferred to John Gregory's executor for distribution under the terms of the latter's will of 1948, and identified the residuary devisees entitled thereunder.
We find no error, and the order appealed from is accordingly affirmed.
THOMAS, Acting C.J., and MATHEWS and DREW, JJ., concur.