CARROLL, Judge.
This appeal from the County Judges Court in Dade County challenges an order construing provisions of a will as to which the trial court had found and determined:
“It is the further finding of this Court, said finding not being based upon any stipulation of the parties, that as a matter of law the following paragraph in the Will of the deceased which reads:
‘To my sister, Margaret Speck, 1338 Fletcher Street, Chicago, Illinois One Hundred Shares of A. T. & T. Stock, which at her death shall be divided between Nancy and Susan Walker, my nieces, of 7929 N. Kenton St., Skokie, Illinois.’
created a life estate in the one hundred (100) shares of A. T. & T. stock in favor of the sister of the deceased, Margaret Speck, and that the remainder vested in her two nieces, Nancy and Susan Walker, Margaret Speck, during her lifetime, shall be entitled to all dividends paid on such stock, during her life, together with all incidental rights of ownership during her life, such as voting the stock, except that she has no power or right to sell or otherwise dispose of said stock. * * * ”
The question presented by the appellant is, “Whether or not the court erred in ordering that the devise to Margaret Speck created only a life estate.” Appellant relies on the rule of law as announced in 96 C.J.S. Wills § 825, p. 257, which she cites, to the effect that an attempt to devise over after a devise in fee simple is void and ineffective to cut down the absolute devise. The rule of law relied on *339 by the appellant, though it may find acceptance elsewhere, is not applicable in Florida. In the case of Roberts v. Mosely, 100 Fla. 267, 129 So. 835, 837, the Supreme Court of this State held that a devise in fee simple may be limited by a subsequent valid provision for the estate to go over to others on the occurrence of a stated contingency, making the devise one of a life estate. In that case, in discussing a contention similar to the one presented here, the Supreme Court said,
“But appellee contends that, since paragraph 3 of the will vests an absolute interest in fee in the devisee the remainder over, paragraphs 4 and 5 are void for, repugnancy. This contention seems to be supported by the English rule, Gulliver v. Vaux, 8 De Gex, M. & G. 167; Shaw v. Ford, 7 Ch.Div. 669. It is also the rule in some of our states. Luckey v. McCray et al., 125 Iowa, 691, 101 N.W. 516; Law v. Douglass, 107 Iowa [606] 607, 78 N.W. 212; Jackson v. Littell, 213 Mo. 589, 112 S.W. 53, 127 Am.St.Rep. 620.
“We think the better rule to be that the devise of an estate in fee simple may be limited by a subsequent valid provision that the estate shall go over to others upon the happening of a named contingency or that it may be restricted by subsequent provisions in the will so that in effect it becomes an estate for life as to the remainder. Smith v. Bell, 6 Pet. (31 U.S.) 68, 8 L.Ed. 322; Williams v. Elliott, 246 Ill. 548, 92 N.E. 960, 138 Am.St.Rep. 254; Mansfield v. Shelton, 67 Conn. 390, 35 A. 271, 52 Am.St.Rep. 285; Allen v. Craft, 109 Ind. 476, 9 N.E. 919, 58 Am.Rep. 425; Lumpkin v. Lumpkin, 108 Md. 470, 70 A. 238, 25 L.R.A.(N.S.) 1063; Mee v. Gordon, 187 N.Y. 400, 80 N.E. 353, 116 Am.St.Rep. 613, 10 Ann.Cas. 172; 28 R.C.L. 241. We think this case might well be disposed of on authority of Smith v. Bell, supra.”
On the authority of Roberts v. Mosely, supra, and Sanderson v. Sanderson, Fla. 1954, 70 So.2d 364, the order appealed from should be, and hereby is,
Affirmed.