A. J. BATTERTON, Executor of the Will of Mary Todd Batterton, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 67–361 Civ. T.

United States District Court
M. D. Florida,
Tampa Division.

April 10, 1968.

Brown, Dixon & Shear, Tampa, Fla., for plaintiff.

Edward F. Boardman, U. S. Atty., Tampa, Fla., for defendant.

## JUDGMENT

LIEB, Chief Judge.

This cause came on for consideration upon the Motion for Summary Judgment filed by the Plaintiff, A. J. Batterton, Executor of the Will of Mary Todd Batterton, Deceased, and the Cross Motion for Summary Judgment filed by the Defendant, United States of America.

The Court has heard oral argument of counsel, considered the briefs and pleadings in this case, and entered an opinion in this case. It is therefore, upon consideration,

ORDERED, ADJUDGED AND DE-CREED:

1. That the Motion for Summary Judgment filed by the Plaintiff, A. J. Batterton, Executor of the Will of Mary

Todd Batterton, Deceased, be, and it is hereby, denied.

2. That the Cross Motion for Summary Judgment filed by the Defendant, United States of America, be, and it is hereby, granted.

3. That the Plaintiff take nothing; that the action be dismissed on its merits; and that Defendant recover of the Plaintiff its taxable costs.

Done and Ordered at Tampa, Florida, this 10th day of April, 1968.

## OPINION

The Plaintiff, A. J. Batterton, filed a motion for summary judgment, and the Defendant, United States of America, filed a cross motion for summary judgment. There is no factual dispute in this case.

On May 3, 1954, A. J. Batterton and his wife, Mary Todd Batterton, executed mutual wills, true copies of which are attached to the Complaint and marked Exhibits "B" and "C", respectively. Also, on May 3, 1954, the decedent and her husband, A. J. Batterton, entered into an agreement whereby neither would, without the other's consent, revoke or change their wills, and that neither would make any gift or transfer or assign any of his property without fair consideration, except for public charities.

The decedent's will disposed of her property as follows:

### LAST WILL AND TESTAMENT OF MARY TODD BATTERTON

I, Mary Todd Batterton, of County of Hillsborough and State of Florida, pursuant to the attached contract this day made with my husband, do hereby make, publish and declare the following my Last Will and Testament, hereby revoking all former wills:

1. Should my husband survive me, I give, devise and bequeath to my husband, A. J. Batterton, all of my property, real, personal, and mixed, wherever situated, whereof I may be seized or possessed, or to which I may be in any manner entitled, or in which I may be interested, at the time of my death, and I appoint him executor of my estate and waive the statutory requirement that he give bond as such executor, and hereby give him as such executor full power to sell, convey, transfer, and assign the property of my estate, or any interest therein.

2. Should my said husband predecease me, I give, devise, and bequeath all of my property, real, personal, and mixed, wherever situated, whereof I may be seized or possessed, or to which I may be in any manner entitled, or in which I may be interested, at the time of my death, to the United Christian Missionary Society, Missions Building, Indianapolis, Indiana, a corporation created by and existing under the laws of the State of Indiana, in trust nevertheless to be used for charitable purposes only, the income therefrom to be divided equally between Florida Christian Home, Edgewood, Jacksonville, Florida, Hazel Green Academy, Hazel Green, Kentucky, and said United Christian Missionary Society.

The will of A. J. Batterton similarly devised all of his property to Mary Todd Batterton, if she should survive him, and to the United Christian Missionary Society, if she did not survive him.

The agreement, a true copy of which is attached to the Complaint and marked as Exhibit "D", reads in pertinent part as follows:

This AGREEMENT, made this 3 day of May, 1954 by and between A. J. Batterton and Mary Todd Batterton, husband and wife,

WITNESSETH: each hereby agrees, in consideration of the promises of each to the other, that neither will without the consent in writing of the other revoke, or make any Last Will and Testament different from, his or her Last Will and Testament copies of which are attached hereto, and that neither will during his or her lifetime make any gift, or transfer or

assign any of his or her property without receiving a fair financial consideration, except for Public Charities.

At the time of the decedent's death, these wills and the agreement were in full force and effect.

On or about July 9, 1963, A. J. Batterton, as Executor of the Estate of Mary Todd Batterton, filed a federal estate tax return, a copy of which is attached to the Complaint and marked Exhibit "E". The estate tax return showed a total gross estate of $272,039.37. The total deductions, including the marital deduction of $131,025.91 and a $60,000.00 exemption, resulted in a taxable estate of $71,025.90.

On July 9, 1963, a tax in the amount of $12,339.04 was paid to the Internal Revenue Service and a tax in the amount of $248.21 was paid to the State of Florida.

By letter dated March 15, 1965, the Internal Revenue Service disallowed the marital deduction of $131,025.91 and reduced the value of stocks and bonds by $1,654.33, thereby resulting in a deficiency of tax in the amount of $35,830.-66 to the Internal Revenue Service and $2,401.33 to the State of Florida. A copy of said letter is attached to the Complaint and marked Exhibit "F". This disallowance by the Internal Revenue Service was made on the theory that the interest passing to the decedent's surviving spouse was a terminable interest under Section 2056(b) (1) of the Internal Revenue Code, and as such did not qualify for the marital deduction.

On July 12, 1965, a protest was filed with the Internal Revenue Service. As a result of a conference, the deficiency was reduced by the Internal Revenue Service from $35,830.66 to $17,853.84, which resulted by allowing the estate a charitable deduction in the approximate amount of $65,000.00. An agreement, Form 890–B, was signed by the Executor and submitted to the Internal Revenue Service. A copy of said agreement is attached to the Complaint and marked Exhibit "G". The review section of the Internal Revenue Service disallowed the adjustment and the full deficiency of $35,830.66 was reasserted.

On July 14, 1966, A. J. Batterton, as Executor, paid to the Internal Revenue Service the asserted deficiency of $38,-480.20 plus interest to that date, totalling $45,148.34. A check for $2,813.90 was also paid to the State of Florida, representing a deficiency of tax of $2,401.-33, together with interest of $412.57.

On January 20, 1967, the Internal Revenue Service refunded $2,969.82 to the estate, representing mainly the excess previously paid because the credit to the State of Florida had not been applied against the original deficiency.

On March 31, 1967, A. J. Batterton, as Executor, filed with the District Director of Internal Revenue a claim for refund, a copy of said claim being attached to the Complaint and marked Exhibit "H". The claim for refund was to recover the sum of $47,936.84, or such greater amount as would be legally refundable, assessed and collected, plus interest as provided by law, on the ground that the property passing to him under the will was qualified for the marital deduction.

On July 13, 1967, the plaintiff was notified that the claim for refund had been disallowed in full. A copy of said letter of notification is attached to the Complaint and marked Exhibit "I". This suit was instituted on August 31, 1967.

This Court has jurisdiction of the parties and subject matter of this action under Title 28 U.S.C.A. § 1346(a) (1), as amended.

It is well settled that the Court must look to the law of Florida to determine what interest or right the surviving spouse, A. J. Batterton, received upon the death of Mary Todd Batterton. Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585. Under Florida law, when a testator makes a devise or bequest in fee simple and later in the same will restricts or limits the fee simple interest by a subsequent provision, that

which the beneficiary receives is a life estate. Roberts, et al. v. Mosely, 100 Fla. 267, 129 So. 835 (Fla., 1930); Speck v. Bussey, 147 So.2d 338 (Fla.D. C.A., 1962).

■ Although the restrictive provision in this case is in an agreement entered into between A. J. Batterton and Mary Todd Batterton on the same day as the mutual wills were made, the Court feels that the Florida courts would reach the same conclusion concerning Mr. Batterton's interest as that reached in the above cases. This Court concludes as a matter of law that the Plaintiff received a life estate.

The Plaintiff relied on Simpson v. Ivey, Fla., 67 So.2d 687 (1953) to argue that he has received a fee simple interest. However, the *Simpson* case is not on point since there was no restrictive provision involved in that case but merely a limitation that the decedent's wife would take the property only if she survived the decedent.

■ A life estate is considered a terminable interest under 26 U.S.C.A. § 2056(b) not eligible for the marital deduction unless five conditions under the Tax Regulations are met. These requirements are as follows:

26 C.R.F. § 20.2056(b)–5(a):

(1) The surviving spouse must be entitled for life to all of the income from the entire interest or a specific portion of the entire interest, or to a specific portion of all the income from the entire interest.

(2) The income payable to the surviving spouse must be payable annually or at more frequent intervals.

(3) The surviving spouse must have the power to appoint the entire interest or the specific portion to either herself or her estate.

(4) The power in the surviving spouse must be exercisable by her alone and (whether exercisable by will or during life) must be exercisable in all events.

(5) The entire interest or the specific portion must not be subject to a power in any other person to appoint any part to any person other than the surviving spouse.

The only real questions are whether requirements (3) and (4) have been met. Requirement (4) states that the power "must be exercisable in all events." The Court finds that the limitation upon Mr. Batterton to sell the property, if at all, only "for a fair financial consideration" and the limitation to donate the property, if at all, only to "public charities" are limitations sufficient to disqualify Mr. Batterton's power of appointment from meeting the requirement under (4). The Court therefore need not determine whether (3) has been met.

The Court concludes as a matter of law that the Plaintiff, A. J. Batterton, is not entitled to the marital deduction under 26 U.S.C.A. § 2056.

The Court next considers Plaintiff's argument that he is then entitled to a charitable deduction under 26 U.S.C.A. § 2055, if he is not entitled to the marital deduction.

Defendant readily concedes that the charity in question would be a qualified charity. The Plaintiff argues that the interest to be received by the United Christian Missionary Society is ascertainable, citing Estate of Schildkraut v. C.I.R., 368 F.2d 40 (2nd Cir., 1966).

Here, Mr. Batterton has the power to completely divest his estate of any or all of the property prior to his death. Therefore the United Christian Missionary Society may take all or it may take nothing. There is no available means of determining what amount Mr. Batterton will consume or dispose of prior to his death. In the *Schildkraut* case, the Court had a standard available to it to determine what amount would be consumed or disposed of prior to the death of the surviving spouse and what would remain.

■ This Court concludes as a matter of law that the Plaintiff is not entitled to a charitable deduction under § 2055

because the interest that will go to charity, if any, cannot be ascertained.

The Defendant's argument based on 26 U.S.C.A. § 7422 that the Plaintiff is statutorily limited to the amount recoverable need not be considered at this time because of the above rulings made by this Court.

The Court further concludes as a matter of law that the Plaintiff's Motion for Summary Judgment should be denied and the Defendant's Cross Motion for Summary Judgment should be granted and judgment entered accordingly.