A. J. BATTERTON, Executor of the Will of Mary Todd Batterton, Deceased, Appellant,

v.

UNITED STATES of America, Appellee.

No. 26263.

United States Court of Appeals Fifth Circuit.

Dec. 10, 1968.

Rehearing Denied Jan. 28, 1969.

Certiorari Denied June 2, 1969.

See 89 S.Ct. 1995.

James G. Stephenson, Brown, Dixon & Shear, Tampa, Fla., for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Roger Moore, David E. Carmack, Jonathan S. Cohen, Attys., Dept. of Justice, Washington, D. C., Edward F. Boardman, U. S. Atty., Tampa, Fla., for appellee.

Before TUTTLE and AINSWORTH, Circuit Judges, and MITCHELL, District Judge.

TUTTLE, Circuit Judge:

The decision in this case turns upon our deciding whether a contract to make mutual wills, carried out by the decedent in favor of her husband by the execution of a will "pursuant to the attached contract this day made," and which was attached as an exhibit to the will, became a part of the will by incorporation in such manner as to convert what might otherwise appear to be a residuary bequest in fee simple to the husband into a life estate.

The resolution of the question is necessary to determine whether the estate of the decedent is entitled to deduct one half of the wife's separate property, thus conveyed to her husband, from the taxable estate as a marital deduction under the provisions of 26 U.S.C.A. § 2056.

On May 3, 1954, A. J. Batterton and his wife, Mary Todd Batterton, the decedent, executed mutual wills, both of which, in the first paragraph, stated that they were executed "pursuant to the attached contract this day made with my [wife or husband]." A copy of a contract of the same date was attached as an exhibit to each of the wills.

Each of the wills made what appeared to be a devise and bequest to the survivor in fee simple to the other spouse of the entire estate. Each of the wills had a second paragraph which provided as follows:

"2. Should my said husband predecease me, I give, devise, and bequeath all of my property, real, personal, and mixed, wherever situated, whereof I may be seized or possessed, or to which I may be in any manner entitled, or in which I may be inter-

ested, at the time of my death, to the United Christian Missionary Society, Missions Building, Indianapolis, Indiana, a corporation created by and existing under the laws of the State of Indiana, in trust nevertheless to be used for charitable purposes only the income therefrom to be divided equally between Florida Christian Home, Edgewood, Jacksonville, Florida, Hazel Green Academy, Hazel Green, Kentucky, and said United Christian Missionary Society."

The contract "pursuant" to which each of the wills was executed, and a copy of which was attached to the wills, provided as follows:

"WITNESSETH: each hereby agrees, in consideration of the promises of each to the other, that neither will without the consent in writing of the other revoke, or make any Last Will and Testament different from, his or her Last Will and Testament copies of which are attached hereto, and that neither will during his or her lifetime make any gift, or transfer or assign any of his or her property without receiving a fair financial consideration, except for Public Charities."

Thus it is that upon the death of Mrs. Batterton on April 21, 1962, a resident of the state of Florida, her husband became entitled to receive her entire estate which he could utilize and, if he desired, consume, subject only to the restraints imposed upon him by the will-cum-contract that he could neither give away to any person other than a public charity nor leave by will to any other than the named residuary beneficiary, the religious remainderman.

For whatever legal effect it may have, appellant, in his brief, concedes that "at the time of her death the two wills and the agreement above referred to were in full force and effect."

Stated in non-technical language, the estate of Mrs. Batterton is entitled to be reduced by the amount of a marital deduction provided for in the Federal Statutes to the extent of any fee simple bequest to her surviving husband, or to the extent of the amount left to her husband in a life estate provided the husband is given the absolute power of control and disposition of the property constituting the life estate either by power of appointment or by his own will. See 26 U.S.C.A. § 2056(b), and Federal Tax Regulations, Sections 20.2056(b)-5(a).

It is the thrust of appellant's contention here that the will stands by itself, and as such, it conveyed a fee simple estate to the husband. It is argued that the husband's obligation so to deal with the estate received by him from his wife to pass it on by his will intact to the named residuary legatee, and to refrain from giving it away during his lifetime except for charitable purposes, was an obligation imposed not by the nature of the estate created by Mrs. Batterton's will, but rather by a contract which, fortuitously, was signed on the same day as that on which the wills were executed. Appellant argues that this contract is not, and could not be, a will, because it does not bear the attestation required by the Florida statutes for the execution of a will.

As the trial court indicated, and as the government contends, appellant ignores completely the theory upon which the government proceeds. That theory is that, although not a will in itself and not purported to be such, the contract became binding as a part of the testamentary act of the decedent because it was incorporated by reference in the will executed by Mrs. Batterton "pursuant to [This very] contract."

Although there is a paucity of Florida authority specifically dealing with the incorporation of other written documents as a part of a will by reference, it seems clear that the Florida courts have recognized what appears to be the overwhelming majority rule in the United States that, under proper circumstances a will may incorporate clearly identified existing writings as

a part of the will itself. In Re Gregory's Estate, Fla., 70 So.2d 903, the Florida Supreme Court construed a will as properly directing executors of a wife's estate to transfer the residuum to the executor and trustee of her husband's estate to be distributed by them under the terms of his will, thus clearly giving testamentary effect to matters contained in an extrinsic writing (albeit the other writing was also a will itself). In its opinion the court discussed "the principle of Incorporation by Reference," and it stated that such principle "implies that the document referred to shall become a part of the will of the testator." This reference clearly indicated that the doctrine was recognized by that court as being recognized under proper circumstances. In note on Wills —Incorporation by Reference, in 144 A. L.R. 714–718, reference is made to the large number of states that recognize this doctrine. Apparently Connecticut is the only state found by the writer of that note which completely rejects the doctrine.

■ We conclude, then, as did the trial court, that the effect of the language utilized by Mrs. Batterton in her will, solemnly stating that it was executed "pursuant to the attached contract," and the fact that identification was made positive by the attachment of the contract to the will, had the same testamentary effect as if it had been a part of the will preceding the attestation clause or had been added by codicil thereafter.

Once we reach this point, it seems undisputed that the effect of the limitations contained in this provision of the will (the attached contract) has the effect in Florida jurisprudence of creating a life estate. See Roberts v. Mosely, 100 Fla. 267, 129 So. 835, and Sanderson v. Sanderson, Fla., 70 So.2d 364, and Speck v. Bussey, Fla.App., 147 So.2d 338.

The fact that a life estate was created does not of itself deny the marital deduction to the decedent, provided it meets certain standards. If, for instance, Mrs. Batterton's will, as completed by the contract, had a further clause providing that notwithstanding the other provisions of the will the surviving husband should have the absolute power of appointment to designate any person he chose, including himself or his own estate, as the final residuary, the marital deduction would be permissible. Here it is plain that the surviving husband had no such power. Although he had the right during his life to use as much of Mrs. Batterton's residuary estate as he found necessary or desirable to use during his life, he could not alienate it without consideration or give it away to any other than public charities, and he was bound for life to leave the residuary by will to the United Christian Missionary Society. It was thus a terminable estate.

The judgment is affirmed.

## ON PETITION FOR REHEARING

### PER CURIAM:

The petition for rehearing makes an appealing argument to the effect that in peculiar circumstances of this case we should not read the statutory requirements for marital deduction literally. The argument is that since the surviving spouse has full and complete right to the property during life except as to gifts to any but charitable objects, and since the power of appointment in the survivor was restricted to some charity, the Congressional purpose would be satisfied by treating the bequest as meeting the marital deduction requirements of Section 2056.

■ Assuming that we have the power to construe a statute contrary to its literal language in order to achieve the true intent of Congress, c. f. Central Hanover Bank & Trust Co. v. Commissioner of Internal Revenue, 159 F.2d 167 (2 Cir., 1947), cert. denied, 331 U.S. 836, 67 S.Ct. 1518, 91 L.Ed. 1848, we do not find this to be a proper case to apply the principle. The simplest answer to the contention here is that there is no

necessary relation between the "charities" to which the surviving spouse here was permitted to make gifts or bequests and the "charities" covered by Section 2055 of the Internal Revenue Code as limited by Sections 503 and 681. Mr. Batterton's contractual and testamentary requirements as to his disposition of this estate could have been fully carried out without his ever naming a charity meeting the statutory exemption standards at all.

Thus, we cannot say that Congress was as much interested in exempting from estate tax as a charity exemption the estate here in question as it was in permitting the surviving spouse to have the benefit of a marital deduction if properly established.

The petition is denied.