SHARP, Judge,
concurring in part, dissenting in part.
I too agree that there was no binding oral contract to make a will. However, I disagree with the construction of the will as reflected in the majority opinion.
The majority holds that the word “real” was inadvertently included in the text and ignores it. However, the elemental rule is that it is the language actually employed in a will that must control, not the language intended to be used.[1] This is especially true where, as here, the overall facts of the case do not point to a clear pattern of disposition by the parties, making it impossible to ascertain their intent.
This will contains two conflicting provisions. The first provision devises the real property to the “survivor” of the couple, here Ernest. If this provision is controlling, Ernest’s life estate under the 1970 *958 Agreement “merged” with the remainder[2] under Marie’s will, giving him, in effect, the whole of lot 8 when Marie died. The second provision gave Ernest only a life estate in lot 8, with the remainder to Elliott and Krause. If this provision is controlling, Marie’s one-half interest in lot 8 passed equally to Elliott and Krause upon Ernest’s death. Where there is an irreconcilable conflict between two clauses of a will pertaining to the same subject matter, the latter clause will prevail.[3]
Moreover, in Florida it is well established that a will containing a fee devise followed by a lesser grant, like a life estate, results in a devise of the lesser estate. Sanderson v. Sanderson, 70 So.2d 364 (Fla.1954); In Re Estate of Colding, 147 So.2d 338 (Fla. 3rd DCA 1962). This interpretation is favored especially where there is an intent evidenced, as in this case, to pass the remainder down the testator’s line of descent.[4] Elliott was the testatrix’ nephew. Krause was not related to her except by marriage.
In Roberts v. Mosely, 100 Fla. 267, 129 So. 835, 837 (Fla.1930), the supreme court stated:
We think the better rule to be that the devise of an estate in fee simple may be limited by a subsequent valid provision that the estate shall go over to others upon the happening of a named contingency or that it may be restricted by subsequent provisions in the will so that in effect it becomes an estate for life as to the remainder.
[Wjhere an estate for life with remainder over, is given, with power of disposition in fee of the remainder annexed, the limitation for the life of the first taker will control, and the life estate will not be enlarged to a fee, notwithstanding the power of the life tenant in good faith to dispose of the fee and pass his title thereto.
I think these cases are controlling in the construction of Marie’s will. Under these rules, Marie’s one-half interest should pass as she provided: to Ernest for life, with the remainder upon his death “to Robert Elliott & Richard Krause, each to share equally in said properties; each receiving a one-half interest in same.” Marie’s one-half interest should be equally divided between Elliott and Krause; and Ernest’s one-half interest should pass as he provided in his 1977 will.

. Boyle v. Howe, 126 Fla. 662, 171 So. 667 (Fla. 1935); Barnett First National Bank of Jacksonville v. Cobden, 393 So.2d 78, 80 (Fla. 5th DCA 1981).

. 22 Fla.Jur.2d § 51 Estates, Powers and Restraints (1980).

. In Re Smith’s Estate, 75 So.2d 686 (Fla.1954); In Re McMillan's Estate, 30 So.2d 534 (Fla.1947); Dutcher v. Estate of Dutcher, 437 So.2d 788 (Fla. 2d DCA 1983); In Re Rogers Estate, 180 So.2d 167 (Fla. 2d DCA 1965).

. 22 Fla.Jur.2d § 79 Estates, Powers and Restraints (1980).