RALPH W. GRAY, HENRY L. SHATTUCK, AND FRANCIS C. GRAY, EXECUTORS OF THE WILL OF MARY C. GRAY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28937.   Promulgated March 31, 1930.

*Henry B. Cabot, Jr., Esq.,* for the petitioners.
*P. M. Clark, Esq.,* for the respondent.

458

OPINION.

SMITH: The petitioners are the executors of the estate of Mary C. Gray who had a three-sixteenths interest in the residuary estate of Ellen Gray, who died less than five years previously and on whose estate an estate tax was paid under the provisions of the Revenue Act of 1921. Upon such interest Mary C. Gray received $172,500 cash during her lifetime and after her death her executors received two lots of stock of a value at the date of distribution of $21,030, but of a value at the date of the death of Ellen Gray of $18,495, at which value they were included in the estate-tax return of Ellen Gray. The respondent has allowed the deduction of $18,495 from the gross estate in the estate-tax return of Mary C. Gray under section 403(a)(2) of the Revenue Act of 1921 in respect of the receipt of such stock. The executors of Mary C. Gray, the petitioners herein, also received cash distributions from the executor of the estate of Ellen Gray on March 3, 1924, of $7,008.83 and on May 14, 1924, of $9,886.22, which last-named amount was in final liquidation of Ellen Gray's estate. The petitioners claim the right to deduct from the gross estate of Mary C. Gray under section 403(a)(2) of the Revenue Act of 1921, as prior taxed property, not only the $18,495 allowed by the respondent as a deduction, but also the total

amount of cash received by Mary C. Gray during her lifetime ($172,500), and the cash received by the executors after her death ($16,895.05), from the estate of Ellen Gray, or a total of $189,395.05. The respondent has disallowed the deduction of the entire $189,395.05 in question upon the ground that the executor of the estate of Ellen Gray made these payments from a mixed fund consisting of corpus, gains, and income and that it is impossible to determine that any portion of the cash in question came from the corpus of the estate of Ellen Gray.

All of the cash received by Mary C. Gray and by her executors from the estate of Ellen Gray was deposited in a special account in the New England Trust Co., Boston, Mass., and such cash or bonds purchased therewith was kept separately from the balance of the estate of Mary C. Gray and the value thereof was included in the estate-tax return of Mary C. Gray at an amount in excess of $189,395.05. The estate of Mary C. Gray, excluding all property received from the estate of Ellen Gray, was more than sufficient to meet all expenses of her estate and no part of the property and cash received from Ellen Gray's estate was used by the executors of Mary C. Gray to pay expenses deductible under section 403(a)(1) or legacies deductible under section 403(a)(3) of the Revenue Act of 1921.

The only question for our determination in this proceeding is whether any part of the $189,395.05 cash received from the estate of Ellen Gray is identifiable as having been included in the gross estate of Ellen Gray and, if any part, the amount thereof.

The provision of law applicable to the issue in this proceeding is section 403 of the Revenue Act of 1921, which, so far as material, reads as follows:

That for the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(2) An amount equal to the value of any property forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent where such property can be identified as having been received by the decedent from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received: *Provided*, That this deduction shall be allowed only where an estate tax under this or any prior Act of Congress was paid by or on behalf of the estate of such prior decedent, and only in the amount of the value placed by the Commissioner on such property in determining the value of the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate and not deducted under paragraphs (1) or (3) of subdivision (a) of this section. This deduction shall be made in case of the estates of all decedents who have died since September 8, 1916.

In the instant proceeding the distributions of cash to Mary C. Gray by the executor of the estate of Ellen Gray and also the distributions of cash from the same source to her executor after her death were made from commingled funds. We have heretofore had occasion several times to pass upon cases involving payments from commingled funds. In *Seaboard National Bank of New York, N. Y., Executor*, 11 B. T. A. 1386, the facts were that the petitioner commingled funds of the estate derived from the sale of prior taxed property with funds derived from other sources, and made expenditures therefrom deductible under paragraph (1) of section 403 (a) of the Revenue Act of 1921. The funds from other prior taxed property were not sufficient to meet all such expenditures as made, but the taxable estate at decedent's death and at all times thereafter was of sufficient value to cover all charges against it, deductible under paragraphs (1) and/or (3) of said section. We held that the deduction allowable under paragraph (2) of said section for prior taxed property should not be reduced to any extent on account of deductions allowed and allowable under paragraph (1). It was our opinion that to the extent that the property of the decedent, other than previously taxed property, came into the hands of the executor and was subject to the payment of debts, it might be allocated to that purpose without considering whether the executor made payments out of such funds or out of funds realized from the sale of property received from the estate of the prior decedent. The deduction under paragraph (2) of section 403 was measured by values and earmarking of the property was thought to be unnecessary. In *Sidney L. Shannon, Executor*, 16 B. T. A. 743, we held that the proviso contained in subdivision (2) of section 403, viz.—

this deduction shall be allowed * * * [a] only in the amount of the value placed by the Commissioner on such property in determining the value of the gross estate of such prior decedent, and [b] only to the extent that the value of such property is included in the gross estate and not deducted under paragraphs (1) or (3) of subdivision (a) of this section,

was not concerned with the property from which payment is made. The proviso relates to value. The deduction is to be allowed to the extent that *the value* of such property is included in decedent's gross estate and not deducted in paragraphs (1) and (3).

We are, therefore, of the opinion that the fact that Mary C. Gray and her estate received the cash here in question from the estate of Ellen Gray from a fund consisting of corpus, gains, and income of the estate of Ellen Gray is not sufficient in itself to render it impossible to identify a part of the cash received as having been included in the corpus of the estate of Ellen Gray and therefore included in the gross estate returned for Federal estate-tax purposes.

Petitioners contend that $173,725.24 of the $189,395.05 is identifiable as having been included in the gross estate of Ellen Gray. In making this contention they resort to the presumption that the executor of Ellen Gray paid the debts of her estate and the expenses of administration, etc., from income to the extent of income on hand at the time the several payments were made and that in making distributions to the beneficiaries the corpus was availed of to the extent that corpus cash was on hand to make the payments. They therefore attempt to make an analysis of the accounts of the executor of Ellen Gray and divide the cash received by it into corpus cash and income cash.

In our opinion the method of approach resorted to by the petitioners is incorrect. Mary C. Gray was not bequeathed specific property by Ellen Gray. Under the will of the latter, Mary had a three-sixteenths interest in the residuary estate of Ellen. This residuary estate was a fund belonging to the estate of Ellen Gray after all specific legacies and all debts and expenses had been paid. It might consist of corpus, gains, and income. There is no way of identifying it as having been included in the gross estate of Ellen Gray at any amount in excess of the remainder obtained by deducting from the net residuary estate the income and gains of the estate during the period of administration.

The record of this action shows that there was distributed to the residuary legatees up to the date of the death of Mary C. Gray $920,000 of which amount Mary C. Gray received $172,500. Subsequent to her death there was distributed to her executors $16,895.05 in complete liquidation of the residuary estate of Ellen Gray. This was three-sixteenths of the cash distributed to all the residuary legatees. The total amount received by all the residuary legatees subsequent to Mary's death was $90,106.88. We therefore reach the conclusion that the cash distributed to the residuary legatees both before and after Mary's death amounted in all to $1,010,106.88.

During the period of administration, the executor of Ellen Gray sold certain securities at a profit, based on the value at which they were included in the estate-tax return of $211,598.54. Interest and dividends were received to the amount of $82,639.36 and a profit was realized on a sale of stock dividends of $2,979.50. The total gain and income of the estate was therefore $297,217.40. If the residuary legatees were the persons beneficially entitled to receive this income and these profits (and the record does not establish the contrary), it would appear that $712,889.48 of the cash distributed to the residuary legatees represents the amount which can be identified as received by the residuary legatees from the conversion into cash of securities taxed to the estate of Ellen Gray at that value. Mary C.

Gray received three-sixteenths of this amount, or $133,666.77. We are of the opinion that this amount is deductible from the gross estate in the estate-tax return of Mary C. Gray under section 403(a)(2) of the Revenue Act of 1921, in addition to the $18,495 already allowed by the respondent.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*