W. F. GREEN v. MARY OLA BARROW, a widow, ERESS E. MATTHEWS, joined by her husband, W. S. MATTHEWS, JULIA MITCHELL, joined by her husband, JOHN F. MITCHELL and WALTON H. OWENS.

8 So. (2nd) 283            En Banc
May 19, 1942      Rehearing Denied June 12, 1942

Yonge, Beggs & Carter, A. G. Campbell, Jr., and James N. Daniel, for plaintiffs in error.

Jones & Latham, for defendants in error.

TERRELL, J.:

M. M. Owens of Escambia County, Florida, died testate prior to March 16, 1938; the pertinent part of his will is as follows:

"After all my lawful debts are paid and discharged, I give and bequeath my wife, Mary L. Owens all my property both real and personal, to be held and owned by her during her lifetime fully and in all respects as I now hold it. At her death it is my will, should there remain any of my estate, that the same shall revert and vest in Sarah Lou Hammond, Mary Ola Barrow, (sister) Erress E. Mathews (sister) Julia Mitchell, (sister) and Walton H. Owens (brother) all to share and share alike."

On March 16, 1938, Mary L. Owens, the wife of the testator executed a deed to the plaintiff in error W. F. Green describing certain lots in Bonifay, Florida, which were a part of the estate conveyed to her in the will of M. M. Owens. Mary L. Owens died December 1, 1938. In December, 1939, defendants in error as plaintiffs below filed an action in ejectment against W. F. Green claiming title to the said lots as devisees

under the will of M. M. Owens. Green entered a plea of not guilty claiming title under the will of M. M. Owens and deed from Mary L. Owens.

The question presented is whether the will of M. M. Owens vested only a life estate or a fee or a life estate with power to convey in his wife. The trial court held that the will created a life estate only in the devisee and being so, her deed to Green was without effect. The case is here on writ of error to that judgment.

When no statute is charged to be violated, the sole guide to the interpretation of a will is the intent of the testator as gleaned from the terms of the will. Applying this rule, we think the will in question shows a clear intent on the part of the testator to give his wife a life estate in the estate of the testator with power to convey any portion of the estate during her life, such conveyance to carry a fee simple title in the grantee. The words "to be held and owned by her during her lifetime fully and in all respects as I now hold it. At her death, it is my will, should there remain any of my estate that the same shall revert and vest in Sarah Lou Hammond . . ." when read together can carry no other meaning.

We have read the cases relied on by appellees including those which hold to the effect that a will so cast will permit the disposition of personal property only but we do not consider them controlling. In fine, the will in this case when construed as a whole says to the wife, take my estate and live on it and if there is anything left at your death it reverts to my brothers and sisters. To be held for life in all respects as he held it, reversion only in the part remaining at her death can mean nothing short of power to convey.

The judgment of the trial court is reversed with direction to enter judgment for the defendant accordingly.

Reversed.

BROWN, C. J., WHITFIELD, BUFORD, CHAPMAN, and ADAMS, JJ., concur.

THOMAS, J., dissents.