The appellants, Elizabeth Ann Wartmann Sherley, Mary Louise Wartmann Van Lear and Mildred Alice Wartmann Waldon, filed in the Circuit Court of Marion County, Florida, their bill of complaint under the terms and provisions of Chapter 87, F.S.A., and prayed for a judicial construction or interpretation of the last will and testament and codicil as made by the late E.L. Wartmann, grandfather of the appellants, who were daughters of Henry Alison Wartmann, deceased. The last will and testament of E.L. Wartmann is dated in July, 1926, while the codicil thereto bears the date of July, 1934. The entire estate of the late E.L. Wartmann was by him devised and bequeathed to the appellants to be held in trust by a named trustee and surviving executor.
Pertinent parts of the Wartmann will and codicil are viz:
"II. I hereby give, devise and bequeath all my property, both real and personal, or whatsoever kind and wheresoever situate to the executors of this Will IN TRUST wholly and exclusively, however, for the purposes and upon the conditions set forth in this Will.
"(a) My executors shall hold in trust my entire estate and pay the income thereof to my beloved wife, Ada Burleson Wartmann, so long as she shall live, such income so paid to belong exclusively to my said wife without let, hindrance or demand on the part of any persons whomsoever. My executors shall throughout the time in this paragraph "a" set forth have full right and power to sell any of my properties whenever, in their opinion, it is wise and desirable so to do, and to invest and reinvest the principal of my estate as their judgment shall dictate. I further specifically direct that should the income from my estate be insufficient to supply all wants, needs or reasonable desires of my beloved wife that then, in that event, my executors are specifically directed to supply the same from the principal or body of my estate, it being my specific desire and I so direct that my beloved wife have ample funds with which to live surrounded by the conveniences and comforts of life, and with which to supply all medical care and attention desired, so long as either the income or the body of my estate be sufficient to that end.
"(b) I give, devise and bequeath one half of my estate remaining and existing upon the death of my beloved wife to my daughter, Mary Elizabeth Cox, now residing in Atlanta, Georgia. Should my said daughter pre-decease my wife then, in that event, I give, devise and bequeath my daughter's share to the child or children born of my daughter, and then living, if any such there be. Should my daughter die prior to my wife leaving no children born of her body then this devise and bequeath shall lapse and go to the living children of my deceased son, Henry Alison Wartmann, hereinafter mentioned. Should my said daughter be living upon the death of my wife the executors have full authority to set aside to her her share of my estate in property or money, or both, as in their judgment shall be deemed best and their appraisals of values shall be at all times binding upon all legatees under this will. Likewise my executors shall in the division of said estate have such reasonable time to effect the same as ordinary public transactions would require, and to the end *Page 123 
that no portion of the estate be unduly sacrificed by reason of sale at any inopportune time.
"(c) I give, devise and bequeath one half of my estate, the same to become operative upon the death of my wife, to the then living children of my deceased son, Henry Alison Wartmann. Said children are at the time of the making of this will, Elizabeth Ann, Mary Louise, and Mildred Alice. I direct that my executors shall hold in trust the share of each of said children until each shall have become twenty-one years of age, at which time the same shall become the property of each of said grandchildren respectively without let or hindrance from any persons whomsoever. It is my desire, however that my said grandchildren shall be furnished with opportunities for acquiring good educations, and should they be otherwise unable to have and possess such opportunities my executors are directed to supply the same in every reasonable way so long as the share of each is sufficient to that end, and the provisions of this portion of my will are at all times to be construed with the understanding that I consider a well rounded and serviceable education of much more value to those whom I love than the corresponding cost of the same in money. Should my daughter mentioned in paragraph next above die prior to my wife, leaving no children born of her body, then, in that event, my executors shall hold in trust my entire estate for the benefit of the living children of my deceased son above mentioned and the provisions of this paragraph of my will are applicable thereto.
"III. I specifically give to my executors in trust herein full power to conduct any business which I may be conducting at the time of my death, if, in their opinion, it is advantageous or desirable, likewise they shall have full power of sale, mortgage, lease, investment and reinvestment and full right and authority, power and privilege to do any and all things which in their judgment shall be deemed best, and I specifically direct that no purchaser of my estate, or any part thereof, shall be required to look to the disposition of the purchase money in any manner whatsoever. I further direct that any two of the three executors of this will shall have full power and authority to make and execute all instruments of conveyance, or other instruments necessary in the sale or disposition of property and that the act of any two of said three executors shall at all times be sufficient and valid. * * *
"I.E.L. Wartmann, of Citra, Marion County, Florida, being of sound and disposing mind and memory but realizing the uncertainties of life, do hereby make and constitute this a codicil to My Last Will and Testament, which said last will was executed on the — day of July, A.D. 1926.
"Since the execution of my said last will my beloved daughter, Mary Elizabeth Cox, has departed this life.
"I hereby will, declare, devise and bequeath that subsection (c) of Paragraph II of my said will is hereby modified to the end that my Trustees thereunder shall not turn over to the respective beneficiaries mentioned in said subsection (the same being the children of my departed son, Henry Alison Wartmann) their respective portions of the body of said Estate until each shall have become thirty (30) years of age.
"I further will, declare devise and bequeath that Paragraph IV of said will is hereby declared to be null and void, and in lieu thereof I do hereby will, devise and provide that I hereby appoint as Executors and Trustees of this will and codicil my wife, Ada Burleson Wartmann, my long time friend and associate, W.J. Crosby of Citra, Marion County, Florida, and my young friend, Wilton L. Johnson of Citra, Marion County, Florida, and request that they be not required to give bond. Should any of said named Executors and Trustees be unable or unwilling to so serve, I direct that any two thereof shall for all purposes be sufficient. It is my express wish, however, that all three of said named persons shall qualify and serve unless prevented by sickness or death."
It is admitted on the record that the defendant, Wilton L. Johnson, as executor and surviving trustee, of Citra, Florida, at the present time and continuously since 1934, has administered the Wartmann estate, the chief assets thereof consisting of *Page 124 
citrus groves and other real and personal property located in Marion County, Florida. Elizabeth Ann Wartmann Sherley was born June 22, 1916, and became 30 years of age on June 22, 1946; Mary Louise Wartmann Van Lear was born July 10, 1919, and will attain the age of 30 on July 10, 1949; Mildred Alice Wartmann Waldon was born December 29, 1921, and become 30 years of age on December 29, 1951. All the property of the E.L. Wartmann Estate, under the terms of the will, is devised and bequeathed to Elizabeth Ann Wartmann Sherley, Mary Louise Wartmann Van Lear, and Mildred Alice Wartmann Waldon, equal in value, share and share alike.
Counsel for appellants contend that the decree construing or interpreting the codicil to the Wartmann will entered below is erroneous. It is viz.:
"The Court construes the provision of the codicil to the codicil to the last will and testament of E.L. Wartmann, deceased, to-wit:
"`I hereby will, declare, devise and bequeath that subsection (c) of Paragraph II of my said will is hereby modified to the end that my Trustees thereunder shall not turn over to the respective beneficiaries mentioned in said subsection (the same being the children of my departed son, Henry Alison Wartmann) their respective portions of the body of said estate until each shall have become thirty (30) years of age' (said plaintiffs being the children of the said Henry Alison Wartmann), to mean that the testator, E.L. Wartmann, did not intend for the respective shares so bequeathed and devised to his three granddaughters to be set apart and distributed until the youngest of said granddaughters, the plaintiffs herein, reached the age of thirty years, and the Court therefore holds that until the youngest of the three granddaughters reach the age of thirty years the executor and trustee is not required to make any distribution of said estate."
The controlling question presented on this appeal for adjudication is the time or occasion for the distribution of the corpus of the estate by the executor-trustee as between the three beneficiaries. Counsel for appellants contend that the terms of the will and codicil, when construed together, make it his duty to distribute the corpus as each of the beneficiaries become 30 years of age, that is to say, Elizabeth Ann Wartmann Sherley shall receive her one-third of the estate on her thirtieth birthday, to-wit, June 22, 1946; Mary Louise Wartmann Van Lear shall receive her one-third of the estate on her thirtieth birthday, to-wit, July 10, 1949; and Mildred Alice Wartmann Waldon shall receive her one-third of the estate on her thirtieth birthday, to-wit, December 29, 1951. Counsel for appellee contends that it was the intention of the testator as gleaned from the four corners of the will and codicil, or both instruments considered as a whole, that the corpus of the estate should be by the executor-trustee kept intact and by him distributed equally in value, share and share alike, as between the three beneficiaries when Mildred Alice Wartmann Waldon reached her thirtieth birthday on December 29, 1951.
The courts in construing a will must consider the instrument as a whole so as to ascertain the intention of the testator. The intention may be revealed by the language used by the testator. The intention may be revealed by the language used by the testator, not in isolated words, clauses or paragraphs, but in the entire instrument. Luxmoore v. Wallace, 145 Fla. 325,199 So. 492. The lodestar to be followed by the courts in construing a will is the testator's intent. Where no statute has been violated by the terms or provisions in a will, then the expressed intention of the testator must be ascertained and effectuated. Green v. Barrow, 150 Fla. 594, 8 So.2d 283.
It is conceded that certain citrus groves constitute the principal assets of the Wartmann estate. These groves are situated in Marion County and in the northern section of Florida's citrus belt and low temperatures each Winter subject them to possible freezing hazards. The testator's business career and activities were given to the accumulation and development of these groves. It is a matter of common knowledge that greater skill and familiarity with citrus growth and production may be required *Page 125 
of a person operating a grove situated in the northern portion of Florida's citrus belt because of potential low temperature, fertility of the soil and other reasons — than may be required for a grove located in the citrus belt where these problems are not so acute. The testator was careful in appointing a trustee and executor of his will having and possessing a practical knowledge of citrus production in the area where the deceased's groves were located. The success, if any, of the trustee-executor in the handling of the citrus property since 1934 is not reflected by the record.
When the will and codicil of the testator are read as a whole it clearly appears that he intended that the corpus of his estate should be divided share and share alike, equal in value, as between his three granddaughters. As a skilled citrus grower the testator knew that the success of his investment turned on skilled and competent management of the citrus property. The testator appointed "my long time friend and associate, W.J. Crosby, of Citra, Marion County, Florida," as executor and trustee. Death removed Mr. Crosby but Mr. Johnson survives and continues his management of the citrus property. The period or time for the distribution of the corpus of the property was by his codicil changed from the time the beneficiaries reach 21 years of age until they attained 30. He assumed thereby that the beneficiaries would be settled women, more competent and better qualified to manage their business affairs at the age of 30 than at 21. If the citrus property was kept intact and supervised by skilled management, it was the view of the testator that a greater yield or income from the citrus property would be realized. If the grove was divided in three parts and management and possession surrendered as contended for viz: one-third in June, 1946, one-third in July, 1949, and one-third in December, 1951, it would be more difficult to realize or obtain a share and share alike division, equal in value, as the testator intended. The will reflects an intention to divide the property in three equal shares on December 29, 1951.
Counsel for appellants point out that the original clause of the will providing for distribution read, "until each shall have become twenty-one years of age", and the controlling codicil provision now reads, "until each shall have become thirty years of age," and, to uphold the ruling of the court below, it is necessary to conclude that the word each supra means and does mean "all". Many cases from other jurisdictions are cited to sustain the view that such a construction as made below was improper. These authorities have been examined in light of the contention made. Webster's first definition of the word "each" is "Every one of the two or more individuals composing a number of objects, considered separately from the rest". A second definition of "each" is: "Every: — sometimes used interchangeably with every". "This use of each for every though common in Scotland and in America is now un-English." Funk Wagnalls' New College Standard Dictionary defines the word: "Each: adj. Being one of two or more individuals that together form an aggregate; every. — pron. Every one of any number or aggregation considered individually; each one. See synonyms under every. — adv. For or to each person, article, etc.; apiece; as, one dollar each." Soule's Dictionary of English Synonyms says of each: "a. 1. One and the other (of two), both, either (archaic and Poetical). 2. Every one of several."
It is my conclusion that the language of the will, "until each shall have become twenty-one years of age," and the language of the codicil, "until each shall have become thirty years of age," in this instance have the meaning of the pronoun definition given above, to-wit: "Every one of any number or aggregation considered individually."
TERRELL and SEBRING, JJ., concur. *Page 126