70 So.2d 364 (1954)
SANDERSON
v.
SANDERSON et al.
Supreme Court of Florida. Division A.
February 9, 1954.
*365 George L. Patterson, Miami, for appellant.
A. Meredith Woore, Miami, for Grace W. Sanderson, individually and as administratrix and others.
Eldon L. Boyce, Miami, for Gretchen Hand Hilsabeck, individually, and as executrix of the Estate of William Dewey Hilsabeck, Deceased.
Weintraub, Martin, Schwartz & Spector, Miami, for Raymond I. Ewing and wife, Amelia B. Ewing, and Ralford B. Platt, and his wife, Thelma K. Platt.
James J. Marshall, Miami, for Dawal Farm Co.
Dixon, DeJarnette & Bradford, Miami, for Storer Broadcasting Co., appellees.
SEBRING, Justice.
James Sanderson, a widower, married Grace Hilsabeck, a widow, in 1941. Some months after the parties were married they executed a joint will, which read as follows:
"* * * joint Will and Mutual Agreement * * *: That, having worked many years together to build up a small estate, we want to live and enjoy the fruits of our labor together the rest of our natural lives and until death do us part. And, knowing the uncertainties of life, we have jointly and severally agreed, as husband and wife, that the entire estate of the one passing away first shall belong in its entirety to the one still living to use and enjoy as they wish to do, without the expense of executors and administrators. Any residue of the estate left after both husband and wife have passed away and all their just debts and expenses paid, shall be divided equally between the son of James W. Sanderson and the son of Grace W. Hilsabeck Sanderson and known as Dewey Hilsabeck of Miami, Florida, and Robert E. Sanderson of Lansing, Michigan."
James Sanderson died in 1944. Upon his death the will was admitted to probate and the widow was appointed administratrix c.t.a. In due course the administration of the estate was completed, and, on May 13, 1946, an order was entered in the probate court finally discharging the widow as personal representative. On July 17, 1946, upon petition of the widow, an order was *366 entered in the probate court reopening the estate. Thereafter, the widow, both with and without court order, sold lands devised by the will and executed deeds, either individually or as administratrix c.t.a.d.b.n., to certain parties who are appellees in this cause.
Subsequently, Robert E. Sanderson, an alleged remainderman under the will of the decedent, brought the instant suit for a declaratory decree construing the will of his late father and for a determination of the legality of the conveyances made by the widow to third parties. The chancellor granted motions to dismiss the complaint and for summary judgment in favor of the defendants and, without the submission of evidence, entered a final decree containing substantially the following findings:
(1) The will of James Sanderson created a fee simple estate in his widow, Grace Hilsabeck Sanderson, in and to the property owned by the decedent at the time of his death.
(2) If the will did not create a fee simple estate in the widow, it created a life estate coupled with a power of disposition during the lifetime of the widow.
(3) In those instances where the widow has purported to convey property of the decedent to third persons in her individual capacity by a deed not limited in terms to the conveyance of a life estate, she has passed the entire fee to the grantees.
(4) Such grantees were relieved, under section 733.41, Florida Statutes 1951, F.S.A., from inquiring into the propriety of the acts of the administratrix in making sales pursuant to court orders that were valid on their face; and in view of the plaintiff's failure to allege any request for a notice of sales under section 733.26(c), Florida Statutes 1951, F.S.A., said plaintiff cannot complain of the lack of notice.
The plaintiff has appealed from the decree and contests the propriety of the above findings.
We have the opinion that in the disposition of the questions presented on this appeal the case of Roberts v. Mosely, 100 Fla. 267, 129 So. 835, is of controlling importance, for there it is held that "The devise of an estate in fee simple * * * may be restricted by subsequent provisions in the will so that in effect it becomes an estate for life as to the remainder." See Simes' Law of Future Interests, Vol. 2, sections 592-600, note 30, page 522, for a consideration of the Florida rule in relation to the law of other jurisdictions. As in the instant case, it was contended in the Mosely case that the first devise in the will, "`that my wife * * * shall have and receive in fee simple, all of my property * * * of which I shall die seized and possessed * * *'" should be given effect and the succeeding provision of the will disregarded insofar as it provided that whatever of said property remained in the hands of the widow at the time of her death should go to other parties. The court rejected this contention and ruled that inasmuch as "both paragraphs [of the will were] equally the words of the testator, * * * this court can no more disregard one than it can the other * * *," in view of the cardinal principle governing such cases, that "The intent of the testator should be determined by a consideration of the whole instrument," and any apparently conflicting expressions should be reconciled, if possible, so as to give full effect to all provisions contained in the instrument.
In the case at bar the language of the will is "that the entire estate of the one passing away first shall belong in its entirety to the one still living to use and enjoy as they wish * * * without the expense of executors and administrators [but that] any residue of the estate left after both husband and wife have passed away and all their just debts and expenses paid, shall be divided equally" between the sons of the parties. In order to give any effect to the provision of the testator that "any residue of the estate left" after the death of the surviving spouse "shall be divided equally between the [sons of the parties]," it is clear that this provision must be construed, under Roberts v. Mosely, *367 supra, as restricting the otherwise broadly stated devise to the widow so that in effect it becomes an estate for life as to the remainder. And the fact that the testator charged such residue or remainder with the payment, after the death of the widow, of her "just debts and expenses" is not at all inconsistent with the above interpretation. See Redfearn, Wills and Administration of Estates in Florida, 2nd ed., section 156; Simes' Law of Future Interests, Vol. 1, section 81, page 137.
The conclusion we have reached, that the widow did not receive by virtue of the will an estate of inheritance, does not, however, dispose of the real issues involved in this appeal. For it is the law of this jurisdiction that a life tenant may be vested with a power of disposition, express or implied, enabling him to convey to a grantee the fee simple title. Green v. Barrow, 150 Fla. 594, 8 So.2d 283. "No particular language is necessary to create a power * * *. The courts as a rule announce the intent of the creator of the power as their guide. A power may be created by implication as well as expressly. Thus, if there is a gift to A for life, with a gift over to B on A's death of that which is unconsumed, the courts will generally infer that A has a power to consume the corpus. * * *" Simes' Law of Future Interests, Vol. 1, section 251, pp. 439-440 and cases there cited.
Turning again to the provisions of the will, the language is "that the entire estate * * * shall belong in its entirety to the [surviving spouse] to use and enjoy as they wish to do, without the expense of executors and administrators." Plainly, these words in the will disclose a clear intent to vest in the devisee a broad and liberal discretion; and when considered in connection with the nature of the property involved  primarily unimproved and unproductive land  would seem to negative any notion that the testator intended that the surviving spouse should be confined solely to the enjoyment of "income" without power to sell or convey. Moreover, the use in the will of the term "any residue," in describing that which is to go to the sons at the death of the surviving spouse, necessarily implies that there is no certainty that a "residue" will be left after the surviving spouse has passed away.
While we realize that there can be no absolute standard as to what language will, or will not, imply a power to use or dispose of the entire property left by a testator, as opposed to the power merely to convey a life estate therein, compare Brown v. Harris, 90 Fla. 540, 106 So. 412, we have the conviction that the case at bar is within the rule of Green v. Barrow, supra; for, just as in the situation there presented, the will contains no provision limiting the purposes for which the devisee may "use and enjoy" the property.
We have considered in detail the attacks upon the findings and orders of the chancellor below and, except as hereinbefore set forth, we find no error. Therefore, the decree appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL and MATHEWS, JJ., concur.