Matthew Rives McGEHEE, Executor of the Estate of Delia Crawford Mc-Gehee, Deceased, Petitioner,

v.

COMMISSIONER OF INTERNAL REV-ENUE, Respondent.

No. 17055.

United States Court of Appeals
Fifth Circuit.

Aug. 18, 1958.

On Petition for Rehearing Nov. 14, 1958.

John W. Donahoo, William T. Rogers, Jacksonville, Fla., Mitchell, Donahoo & Rogers, Jacksonville, Fla., of counsel, for petitioner.

L. W. Post, Robert N. Anderson, Attys., Dept. of Justice, Nelson P. Rose, Chief Counsel, IRS, Charles O. Johnson, Sp. Atty., Washington, D. C., Charles K. Rice, Lee A. Jackson, Asst. Attys. Gen., Dept. of Justice, for respondent.

Before RIVES, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The Tax Court, whose decision we here review, thus states the Federal estate tax issues presented:

"(1) Whether the value of stock dividends paid on stock between the time of its transfer in contemplation of death and the death of the transferor is includible in decedent's gross estate under section 811(c) Internal Revenue Code of 1939, and (2) whether a certain devise and bequest by the decedent results in a marital deduction under section 812 (e)."

The Tax Court's opinion is reported in 28 T.C. 412.

From a stipulation of facts it appears that Delia Crawford McGehee made gifts in the years 1947, 1948 and 1949, of shares of the stock of Jacksonville Paper Company. She died on February 6, 1950. In 1948 and 1949 the corporation declared stock dividends. Stock certificates evidencing the dividends on the stock which had been the subject of the prior gifts were issued and delivered to the donees. These dividends represented a capitalization of current earnings. The issuance of such dividends was in keeping with the policy of the corporation. It had capitalized current earnings by the distribution of a stock dividend in each of the years 1941 through 1949. The company had never declared a dividend payable in cash or property. The executor conceded that the transfers of the shares of stock made by Mrs. McGehee were made in contemplation of death and hence to be included as a part of her estate for Federal estate tax purposes. The Commissioner of Internal Revenue asserted and the Tax Court held that shares issued as stock dividends were also to be included. A minority of the Tax Court disagreed. The executor, in his petition for review of the Tax Court's decision, insists that this holding is erroneous.

The Tax Court decision is apparently the only reported American case upon the stock dividend question. In the English case of Attorney General v. Oldham, 1940, 1 K.B. 599, aff. 3. All Eng. Rep. 450, upon facts similar to those here present, it was held that a stock dividend declared and paid after an inter vivos gift of stock made in contemplation of death was not a part of the gift subject to the estate tax imposed with respect to the estate of the donor. See 1 Paul, Federal Estate and Gift Taxation 277, § 6.23 n; 54 Harv.L.Rev. 512.

The Tax Court majority were of the belief that the gift of stock transferred a proportional interest in the assets, business and affairs, and that this interest, so transferred, was unaffected by the dividends paid in stock. In support of this view the Tax Court cited Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570. This is the leading case holding that a dividend paid in stock of the same kind as that upon which it is declared is not subject to taxation as income to the stockholder. The doctrine has been questioned. Helvering v. Griffiths, 318 U.S. 371, 63 S.Ct. 636, 87 L.Ed. 843; Loundes & Kramer, Federal Estate and Gift Taxes, 439. We do not think that because a stock dividend is not taxed as income to the stockholder it must necessarily be included as a part of a gift made in contemplation of death, of the shares upon which it was declared. There are, we would say, substantial differences between the two situations.

The statute here applicable provides:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—
* * *

"(c) Transfers in contemplation of, or taking effect at, death.

"(1) General rule. To the extent of any interest therein of which the

decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise—

"(A) in contemplation of his death; * * *" 26 U.S.C.A. (I.R.C.1939 as amended) § 811(c) (1)(A).

It is the interest of the decedent of which a transfer has been made which is to be included in the taxable estate of the donor. It seems unnecessary to decide whether the subject matter of the transfer was regarded as a "proportionate interest in the corporation, its business and its assets", as the Tax Court held it to be, or as "specific shares of stock" which the Tax Court held it was not. The stock dividends were declared out of profits of the corporation earned subsequent to the gifts and hence were not a proportionate part of the corporation's assets at the time of the gift. This being so, it follows that the deceased donor never had any interest in the shares which were distributed as stock dividends or in the corporate earnings which the dividends capitalized. Although the tax is to be measured by the value of the transferred property as of the date of the donor's death, this does not mean that, for the purpose of determining what property was transferred, the gifts should be regarded as having been made as of the date of death. It has been held, and properly so, that income earned by previously taxed property should not be regarded as previously taxed property. Gray v. Commissioner, 19 B.T.A. 455. So also, we think, a stock dividend distributed as a capitalization of income of a corporation earned subsequent to a gift of the shares upon which the dividend was declared should not be regarded as a part of the gift.

Eisner v. Macomber, supra, is an income tax case construing a statute which was limited in its operation by the confines of the Sixteenth Amendment. No like restrictions are here applicable. Knowlton v. Moore, 178 U.S. 41, 20 S.Ct. 747, 44 L.Ed. 969; New York Trust Co. v. Eisner, 256 U.S. 345, 41 S.Ct. 506, 65 L.Ed. 963. The case is not persuasive as to the question before us.

We conclude that of the stock of Jacksonville Paper Company, only 774 shares should have been included in the gross estate of the decedent. Cases involving stock splits or stock dividends capitalizing corporate profits earned prior to the transfer might require different treatment. We do not think that this determination is in conflict with the holding of this Court in Igleheart v. Commissioner, 5 Cir., 1935, 77 F.2d 704.

Incorporated in the will of the decedent was the following provision:

"Item II. I give, devise and bequeath to my beloved husband, Matthew Rives McGehee, all of my property of every kind, character and description whatsoever, real, personal and mixed, and wheresoever situated, of which I may die seized and possessed in fee simple, and with full power to dispose of the same and to use the income and corpus thereof in such manner as he may determine, without restriction or restraint. Provided, however, that if my said husband shall, at the time of his death, own or be possessed of or entitled to any of my said property, then upon his death I give, devise and bequeath one-half of such residue and remainder of my property not disposed of by my husband during his lifetime to my brothers and sisters, or in the event any of my brothers or sisters shall pre-decease me, then the share of such brother or sister shall go to the heirs-at-law of such deceased brother or sister. The other half of such property, I give, devise and bequeath · to the brothers of my said husband and to the heirs-at-law of any deceased brother of my said husband, such heirs-at-law to take the share to which their parent would have been entitled if then in life."

The Commissioner took the position, which the Tax Court sustained, that the

bequest and devise made by the quoted testamentary provision did not qualify for a marital deduction under the Federal estate tax law. 26 U.S.C.A. (I.R.C. 1939 as amended) § 812(e). The issue is before us on the executor's petition for review.

■ The character and extent of the property rights which passed to the decedent's husband by her will are to be determined by the law of Florida. Helvering v. Stuart, 317 U.S. 154, 63 S.Ct. 140, 87 L.Ed. 154, rehearing denied 317 U.S. 711, 63 S.Ct. 140, 87 L.Ed. 566. The Supreme Court of Florida has established precedents which point for us the way to decision. The form of the will construed in Roberts v. Mosely, 100 Fla. 267, 129 So. 835, 836, decided in 1930, is similar to the will of Mrs. McGehee. In the Roberts case the testator appointed his wife as his executrix and authorized and empowered her "to manage, control, mortgage, sell and convey in fee simple, all of my estate as and when she may consider for the best interest of herself, and of my said estate." He declared it to be his will that his wife should "have and receive in fee simple, all of my property, real, personal, and mixed, * *", and further declared it to be his will that if his wife "should own, possess or be entitled to any of my said property at the time of her death, that upon her said death, my sister * * * shall have and receive in fee simple, one-half of my said property, owned by my said wife, at the time of her death, and that my said wife's [two] half-sisters * * * shall each have and receive in fee simple, one-fourth of my said property owned by my said wife at the time of her death." The Supreme Court of Florida, speaking

through Justice Glenn Terrell, then as now Chief Justice of the Court, recognized that the authorities were conflicting and held:

"We think the better rule to be that the devise of an estate in fee simple may be limited by a subsequent valid provision that the estate shall go over to others upon the happening of a named contingency or that it may be restricted by subsequent provisions in the will so that in effect it becomes an estate for life as to the remainder. [Citing cases.]

"We do not discuss the effect of a life estate with power of disposition. Suffice it to say that the decided weight of authority is to the effect that, where an estate for life with remainder over, is given, with power of disposition in fee of the remainder annexed, the limitation for the life of the first taker will control, and the life estate will not be enlarged to a fee, notwithstanding the power of the life tenant in good faith to dispose of the fee and pass his title thereto."

■ Subsequent decisions have confirmed the statement in the Roberts case that, under Florida law, the power of disposition given to a life tenant does not enlarge his estate to a fee. Green v. Barrow, 150 Fla. 594, 8 So.2d 283; Sanderson v. Sanderson, Fla., 70 So.2d 364. The decided cases are collected in an extended annotation at 17 A.L.R.2d 7. Under the will of Mrs. McGehee her surviving husband took only a life estate, a terminable interest, and as such it does not qualify for the marital deduction under 26 U.S.C.A. (I.R.C.1939 as amended) § 812(e)(1)(A)–(B).[1]

---

1. "For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

     *     *     *     *     *

"(e) Bequests, etc., to surviving spouse
"(1) Allowance of marital deduction
"(A) In general. An amount equal to the value of any interest in property

which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

"(B) Life estate or other terminable interest. Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest

■ With ingenuity and plausibility it is urged that the surviving husband of Mrs. McGehee had a power of disposition which under the pertinent Regulation [2] is to be regarded as a power of appointment requiring, under 26 U.S.C.A. (I.R.C.1939) § 811(f), the inclusion in the husband's taxable estate of any portion of the estate of his wife which might not be disposed or consumed during his lifetime. From this premise the petitioner, contending that it could not have been the intent of Congress that more than half of the wife's estate should be included in the husband's taxable estate on his death, seeks to apply Section 812 (e)(1)(F). [3] In the brief of the petitioner it is said "The fact that the two words, 'in trust', were omitted from the will could not in any sense of justice be the controlling point in construing the Estate Tax Law."

■■ A taxpayer claiming a deduction or an exclusion must show himself entitled to it. Loughridge's Estate v. Commissioner, 10 Cir., 1950, 183 F.2d 294, certiorari denied 340 U.S. 830, 71 S.Ct. 67, 95 L.Ed. 609. The provisions of Section 812(e)(1)(F) are, by their terms, applicable only to trusts, and in this respect are clear and unambiguous. The Congress, in enacting the Technical Changes Act of 1953, 67 Stat. 615, 624, 26 U.S.C.A. § 812 note, permitted a marital deduction where the surviving spouse of a decedent dying between January 1, 1948, the effective date of the marital deduction provisions, and April 2, 1948, the date of its enactment, was entitled to income for life with a power to use and con-

---

passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—

"(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse);

"(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under clauses (i) and (ii)—

"(iii) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustees of a trust.

For the purposes of this subparagraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term."

2. "The term 'power of appointment' includes all powers which are in substance and effect powers of appointment regardless of the nomenclature used in creating the power and local property law connotations. For example, if a transfer in trust provides that the beneficiary may appropriate or consume the principal of the trust, such power to consume or appropriate is a power of appointment." Reg. 105 § 81.24 as amended.

3. "Trust with power of appointment in surviving spouse.

"In the case of an interest in property passing from the decedent in trust, if under the terms of the trust his surviving spouse is entitled for life to all the income from the corpus of the trust, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire corpus free of the trust (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the corpus to any person other than the surviving spouse—

"(i) the interest so passing shall, for the purpose of subparagraph (A), be considered as passing to the surviving spouse, and

"(ii) no part of the interest so passing shall, for the purposes of subparagraph (B) (i), be considered as passing to any person other than the surviving spouse. This subparagraph shall be applicable only if, under the terms of the trust, such power in the surviving spouse to appoint the corpus, whether exercisable by will or during life, is exercisable by such spouse alone and in all events." 26 U.S. C.A. (I.R.C.1939 as amended) § 812(e) (1) (F).

sume for support and maintenance even though there was no trust created. This provision was enacted to afford the deduction, in the cases covered, where the act might have been applicable but the testators died without being able to shape their wills by the creation of trusts or in some other fashion so as to come under the requirements of the statute. S.Rep. 685, 83rd Cong. 1st Sess. 1953. If the date of death of the decedent had been between January 1, 1948, and April 3, 1948, or subsequent to August 15, 1954, the date of the enactment of the Internal Revenue Code of 1954, it seems that the marital deduction would have been allowed. See 26 U.S.C.A. (I.R.C. 1954) § 2056(b)(5).

■ Whether, if the marital deduction be disallowed, the undisposed portion of the decedent's estate is to be included as a part of the husband's gross estate for tax purposes is a question which is not before us. We are not required to construe the statutory authorization of the marital deduction so that if property is included in the gross estate of one spouse it must be excluded from the gross estate of the other. Starrett v. Commissioner, 1 Cir., 1955, 223 F.2d 163.

The question raised here was recently considered by the Court of Appeals of the Second Circuit and by it resolved in favor of the Commissioner. Estate of Pipe v. Commissioner, 2 Cir., 1957, 241 F.2d 210, certiorari denied 355 U.S. 814, 78 S.Ct. 15, 2 L.Ed.2d 31, affirming 23 T.C. 99. See also Estate of Michael Melamid v. Commissioner, 22 T.C. 966; Estate of Julius Selling v. Commissioner, 24 T.C. 191; C.C.H. Federal Estate and Gift Tax Reporter Par. 2070.055–07. The case presented does not require a departure from the literal meaning of the clear and unambiguous language of the statute. Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156. The terms of the testatrix' will are such as to preclude any part of her estate from qualifying for the marital deduction.

For the making of such adjustment as may be required in the determination of the Estate's tax liability as a result of our decision with respect to the treatment of stock dividends as a part of the gross estate, the judgment of the Tax Court is

Reversed and remanded.

On Petition for Rehearing.

Our opinion in this case was rendered on August 18, 1958. The Technical Amendments Act of 1958, P.L. 85–866, 85th Cong. H.R. 8381, was approved on September 2, 1958, 72 Stat. 1668. By Section 93 of this Act, Section 812(e) (1) (F) of the Internal Revenue Code of 1939, 26 U.S.C.A. (I.R.C.1939) § 812 (e) (1) (F), was amended so that provisions [1] substantially the same as those

1. "Section 812(e) (1) (F) of the Internal Revenue Code of 1939 (relating to trust with power of appointment in surviving spouse) is amended to read as follows:
"'(F) Life Estate With Power of Appointment in Surviving Spouse.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—
"'(i) the interest or such portion thereof so passing shall, for purposes of subparagraph (A), be considered as passing to the surviving spouse, and
"'(ii) no part of the interest so passing shall, for purposes of subparagraph (B) (i), be considered as passing to any person other than the surviving spouse.
"'This subparagraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.'"

of the 1954 Code would apply to the estates of decedents dying after April 1, 1948, when the provision of the Technical Amendments Act of 1953 expired, and before August 17, 1954, when the provision of the Internal Revenue Act of 1954 became effective. The executor of Mrs. McGehee has sought a rehearing and, pointing to the retroactive amendment, asserts that the residue of Mrs. McGehee's estate qualifies for the marital deduction. The Commissioner asserts that the power given to the husband of testatrix is not unqualified or exercisable in all events. The husband, contends the Commissioner, could not have made gifts to charities or friends and so defeated the interests of the remaindermen.

In our opinion of August 18, 1958, we indicated that if the decedent had died subsequent to the enactment of the 1954 Code the marital deduction would be allowed. The amendment makes the 1954 Code provisions applicable and we adhere to the view that under these provisions the estate is entitled to the deduction. Supporting his view, the Commissioner cites and relies upon Commissioner of Internal Revenue v. Estate of Ellis, 3 Cir., 1958, 252 F.2d 109, where the marital deduction was denied an estate where the testator gave his wife, from the income, and principal if required, of a testamentary trust, the sum of $5,000 per annum with a proviso that if she required sums in excess of that amount of which she alone was the judge, such excess should be paid to her. In the Ellis case it is clear, and the court held, that the testator's widow could use the principal only for herself and her power was not unqualified. Of course each will must be construed by its own terms. The language of Mrs. McGehee's will is quite different. She gave her husband her property "in fee simple with full power to dispose of the same and to use the income and corpus thereof in such manner as he may determine, without restriction or restraint." This language, as we read it, evidences an intent to vest in the husband of the testatrix an unrestricted power of disposition including the power to make gifts. Indeed it is difficult to see how the intent could have been more clearly expressed. The gift over of property undisposed of prevented the gift from being in fee, but it did not limit, restrict or qualify the power of disposition.

The 1958 statute qualifies the devise and bequest of the testatrix for the marital deduction. The petition for rehearing is granted. For the making of such adjustments, if any, as may be required to conform to our original opinion as here modified, the judgment of the Tax Court is

Reversed and Remanded.